CHARLOTTE J. WALTER, Adm'r of the Estate of Richard L. Walter, Deceased, Plaintiff-Appellant, v. JEFFREY HILL, Defendant-Appellee.

Third District   No. 3—86—0571

Opinion filed June 23, 1987.

Raymond C. Rose, of Raymond C. Rose, Ltd., of Peoria (Michael A. Fleming, of counsel), for appellant.

Nicholas J. Bertschy, of Heyl, Royster Voelker & Allen, of Peoria (Roger C. Clayton, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Charlotte J. Walter, appeals from the judgment of the circuit court of Knox County which dismissed her medical malpractice claim with prejudice for failure to file an affidavit of merit as required by section 2—622 of the Illinois Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622). Walter contends that the trial court improperly construed section 2—622 as a limitations statute under which the court had no discretion to permit a late filing of the affidavit.

Walter filed this action on February 13, 1986, alleging certain acts of medical malpractice against the defendant, Dr. Jeffrey Hill, occurring on or before April 26, 1983. These acts of malpractice in the diagnosis and treatment of her husband allegedly caused his death. Under the "discovery rule" provisions of section 13—212 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), the statute of limitations established February 14, 1986, as the final day to file her action, one day after it was initially filed.

A 1985 amendment to the Code requires that an affidavit of merit accompany the complaint when it is filed. Section 2—622 states, in pertinent part, that when an action is filed seeking damages for medical malpractice:

"[P]laintiff's attorney or the plaintiff *** shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved ***; that the reviewing health professional has determined in a written report *** that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the *** review and consultation that there is a reasonable and meritorious cause for filing of such action. *** [or]

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint.
* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619. [Ill. Rev.. Stat. 1985, ch. 110, par. 2—619.]" Ill. Rev. Stat. 1985, ch. 110, par. 2—622.

At the time of filing, Walter had attached neither the affidavit of merit as required by section 2—622(a)(1), nor an affidavit asserting the inability to comply with the section 2—622(a)(1) requirement pursuant to section 2—622(a)(2) to her complaint. Hill responded with a section 2—619 motion to dismiss based on Walter's failure to file an affidavit. Walter subsequently filed a motion for leave to file the affi-

davit. She claimed that an expert had been retained prior to the filing of the lawsuit and that the affidavit "was inadvertently not attached to said Complaint." Hill then filed his "Objection and Motion to Strike" and a "Memorandum in Support of his Motion to Dismiss." Walter filed her response, in which she apparently changed her position, stating that she was unable to obtain a consultation and opinion prior to the expiration of the limitations period and requesting she be allowed to file the affidavit pursuant to section 2—622(a)(2). This request was made 64 days after the filing of the complaint.

A hearing was held and an order dismissing the complaint with prejudice was entered. This appeal follows and we reverse.

The basis for the change in the pleading requirements in medical malpractice actions was to deter medical malpractice plaintiffs from filing frivolous or nonmeritorious lawsuits. (See generally Ill. Ann. Stat., ch. 110, pars. 2—109, 2—622, Historical and Practice Notes (Smith-Hurd Supp. 1987).) To that end, the legislature enacted section 2—622 which requires a plaintiff to have the merits of his case prescreened by another professional in the field. However, the absence of the affidavit at the time of filing does not strike the death knell for a medical malpractice claim. The statute itself offers a safety valve which permits the late filing of the affidavit of merit if there are time constraints, e.g., the statute of limitations, which do not permit the plaintiff to file the affidavit with the complaint. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2).) The only conclusion that can be drawn is that the legislature did not intend that section 2—622 comprise a further limitation on actions to the extent that section 2—622 would cut off all rights to relief. Rather, section 2—622 only puts a requirement of meritoriousness on the pending suit.

The problem in this case arises because the facts of this case fall in the cracks of the black letter law established by the legislature. In this case, Walter inadvertently omitted filing the affidavit of merit with the complaint. Hill contends that no consultation affidavit existed prior to the filing of the complaint on the basis that in her response to the motion to dismiss, Walter changed her position stating that she was unable to obtain a consultation prior to the expiration of the statute of limitations. Hill asserts that this change in position still would have required Walter to file the section 2—622(a)(2) affidavit and that in the absence of that affidavit, the case was properly dismissed under section 2—619.

■ We note however, that the alleged change in Walter's position was just a change in position from a legal theory standpoint in an effort to invoke the 90-day extension of section 2—622(a)(2). This

change in her argument from a legal standpoint did nothing to change the fact that the affidavit existed prior to the time that the action was originally filed and inadvertently omitted from the original complaint. Consequently, the intent of the legislature would not be carried out by precluding this suit.

Additionally, Hill's interpretation of subsection (g) of section 2—622 lends no support to his position that failure to follow a strict reading of the section 2—622 requirements mandates dismissal under section 2—619. Initially, we note that this type of statutory construction runs afoul of the legislative intent expressed in section 1—106 of the Code of Civil Procedure. That section specifically states that:

> "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the *substantive* rights of the parties. The rule that statutes in derogation of the common law must be strictly construed *does not* apply to this Act or to the rules made in relation thereto." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 1—106.)

Further, and in keeping with the intent to guard the parties' substantive rights, section 2—619 does not require a dismissal with prejudice on the basis of a technical deficiency in pleading. (See, *e.g., Martin v. Masini* (1967), 90 Ill. App. 2d 348, 232 N.E.2d 770.) On this basis, Hill's strict construction of section 2—622 and the trial court's determination that the case be dismissed with prejudice were erroneous.

The failure to attach the affidavit of merit at the time the complaint was originally filed was merely a minor technical error. Had the affidavit not been obtained and Walter needed the time to obtain one, the section 2—622(a)(2) affidavit would have been the proper procedural step. However, in this case it would have been well within the trial court's discretion to permit Walter to submit the affidavit at a later date. This course of action would have most fully fulfilled the legislative goal of protecting the substantive rights of the parties while at the same time keeping with the spirit of section 2—622 and its purpose of deterring nonmeritorious litigation.

For the foregoing reasons, the judgment of the circuit court of Knox County is reversed and the case is remanded for further proceedings.

Reversed and remanded.

SCOTT and HEIPLE, JJ., concur.