ISABEL GOLDBERG, Adm'r of the Estate of Jennie Donzis, Deceased, *et al.*, Plaintiffs-Appellants, v. SWEDISH COVENANT HOSPITAL *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—3389

Opinion filed August 28, 1987.

Jerome Goldberg, of Chicago, for appellants.

Pellett, Lundblad & Baker, of Chicago (Robert S. Baker and Kate Collins, of counsel), for appellee Swedish Covenant Hospital.

French, Rogers, Kezelis & Kominiarek, of Chicago (Michael C. Kominiarek and Randall J. Gudmundson, of counsel), for appellee Michael J. Plunkett.

Katten, Muchin, Zavis, Pearl & Galler, of Chicago, for appellee Derek J. Kelly.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from orders dismissing with prejudice their medical malpractice complaint against defendants for failure to comply with the requirements of section 2—622 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.) Plaintiffs contend that the dismissals should have been without prejudice. We affirm.

On February 24, 1986, plaintiffs filed a three-count complaint alleging that defendants committed acts of medical malpractice which resulted in the death of Jennie Donzis on or about February 23, 1984. Defendants thereafter filed separate motions pursuant to sections 2—619 and 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619, 2—622), to dismiss the complaint with prejudice because of plaintiffs' failure to comply with section 2—622(a) of the Code of Civil Procedure. The first such motion was filed on April 1, 1986.

Section 2—622(a) provides in pertinent part:

"In any action *** in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *** shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of

the case with a health professional ***; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action[,] that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit ***.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint."

In separate orders entered on May 19 and June 13, 1986, the circuit court granted defendants' motions. On the former date, the court denied as untimely plaintiffs' oral motion to file *instanter* the attorney's affidavit and a physician's report. Plaintiffs' subsequent motions to vacate or modify the orders of dismissal were denied. This appeal follows:

OPINION

Plaintiffs, as we have noted, contend that noncompliance with section 2—622 should not result in a dismissal with prejudice.[1] We disagree.

The legislative history of section 2—622 reveals that its purpose was to eliminate frivolous lawsuits at the pleadings stage. (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 406 (Representative Hawkinson).) Section 2—622(g) specifically provides that the failure to file the certificate required by section 2—622(a) shall be grounds for involuntary dismissal under section 2—619. Dismissal of an action for noncompliance with section 2—622(a) constitutes an ad-

---

[1]Plaintiffs do not argue in their brief that the court erred in denying their oral motion to file *instanter* the attorney's affidavit and a physician's report more than 90 days after the action was filed. We therefore need not decide whether the court had the discretion to permit a late filing of the documents required by section 2—622(a). See *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 509 N.E.2d 804.

judication on the merits, not a dismissal for lack of jurisdiction or for want of prosecution, as plaintiffs suggest. *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 655-56, 509 N.E.2d 702; 87 Ill. 2d R. 273.

Plaintiffs could have avoided an involuntary dismissal on the merits by moving for voluntary dismissal pursuant to section 2—1009(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)) before the court ruled on defendants' previously filed motions to dismiss. (*Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47.) This they failed to do. Accordingly, we affirm the orders dismissing plaintiffs' complaint and denying their motions to vacate or modify the orders of dismissal.

Affirmed.

LORENZ and MURRAY, JJ., concur.