MARY FAY SHANKS, Plaintiff-Appellee, v. MEMORIAL HOSPITAL, Defendant-Appellant.

Fifth District . No. 5—87—0356

Opinion filed June 7, 1988.

Thomas W. Alvey, Jr., of Thompson & Mitchell, of Belleville, for appellant.

M. Melinda Sanderson, of Kujawski & Rosen, of Belleville, for appellee.

JUSTICE CALVO delivered the opinion of the court:

Plaintiff, Mary Shanks, sued defendant, Memorial Hospital, alleging that the malpractice of defendant's nursing staff resulted in her injuries. The Healing Art Malpractice Act (the Act) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) requires that at the time of filing a malpractice complaint, a plaintiff must also file an affidavit that he or she has consulted with a health care professional who believes that there is a reasonable and meritorious cause for filing the suit. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) A written report by the health care professional must be attached to the affidavit. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) If plaintiff files an affidavit with the complaint stating that the consultation could not be obtained before the expiration of the statute of limitations, however, section 2—622(a)(2) gives plaintiff 90 days after the filing of the complaint to obtain the consultation and submit the report pursuant to section 2—622(a)(1).

Plaintiff in the case at bar filed her complaint and section 2—622(a)(2) affidavit on December 17, 1986, stating that she could not obtain the consultation prior to the running of the statute of limitations. On March 13, 1987, and within the 90-day period which ended on March 17, 1987, plaintiff filed an affidavit under section 2—622(a)(1) stating that she had consulted with a registered nurse who opined that reasonable and meritorious grounds existed for filing the

suit. Defendant thereafter filed a motion to dismiss alleging that plaintiff did not comply with the requirements of section 2—622(a)(1). The trial court denied the motion and certified this issue for appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). The primary issue before us is whether plaintiff's consultation with a registered nurse fulfilled the requirements of section 2—622(a)(1).

The Illinois legislature passed the Act in order to reduce the number of frivolous malpractice suits filed in the State. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 193, 520 N.E.2d 293, 296.) The pertinent provisions of the Act provide as follows:

"(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *If the affidavit is filed as to a defendant who is a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatrist, or a psychologist, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches.* In either event, the affidavit must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but, information which would identify

the reviewing health professional may be deleted from the copy so attached.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a).)

Plaintiff argues that under section 2—622(a)(1) the reviewing health care professional must be a registered nurse when the suit alleges that registered nurses committed malpractice. Defendant contends that under the circumstances of this case the health care professional must be a physician licensed to practice medicine in all its branches. We believe that this is a case of first impression inasmuch as neither party cited, nor are we able to find, any case law interpreting this particular provision of the statute.

■ We agree with defendant's interpretation of the statute. The statute defines the type of health care professional to be consulted based on the type of defendant sued. If the defendant is "a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatrist, or a psychologist," the health care professional must be one licensed in the same profession as the defendant. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) For all other defendants, however, the health care professional must be a "physician licensed to practice medicine in all its branches." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) In the case at bar, defendant is a hospital and therefore does not fall under the first category of defendants. Consequently, defendant falls under the second category of "all other defendants," and plaintiff must thus consult a physician licensed to practice medicine in all its branches. Because plaintiff consulted with a registered nurse, plaintiff's affidavit did not comply with the requirements of section 2—622(a)(1).

■ Plaintiff focuses on the following language of the statute: "That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action

\*\*\*." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) That language, however, is not contrary to our interpretation of the statute. That part of the statute merely provides that regardless of which health care professional is consulted, the professional must have knowledge of the particular issues involved in the suit. This is a logical requirement because knowledge of the issues bears on the relevancy of the professional's opinion of the merit of the suit. The professional can have knowledge of the issues in the case without being a member of the same health care field as the defendant.

Plaintiff points out that under our interpretation, physicians would be determining the validity of claims in situations where they have little knowledge of or interest in the particular health care field. Plaintiff suggests, for example, that a physician's report would be required in suits against physical therapists, occupational therapists, operating room and lab technicians, pharmacists, hospital administrators, dieticians, respiratory therapists, X-ray technicians, orderlies, optometrists, oculists, opticians, dental hygienists, medical records personnel, nurses aides, as well as nurses. Plaintiff argues further that because physicians would not be appropriate experts in the malpractice actions involving the foregoing professions, requiring a plaintiff to incur the extra cost of obtaining a report from a physician, rather than a report from an expert in the same field as the defendant, in such cases would only unnecessarily increase the cost of litigation and would not be any more helpful in reducing frivolous suits.

In *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 655, 509 N.E.2d 702, 707, however, the court held that a plaintiff must comply with section 2—622 even if plaintiff could prove his or her case at trial without an expert. The court stated that the purpose of the Act was to eliminate frivolous lawsuits at the pleading stage. Therefore, the type of testimony relied on at trial has no bearing on the requirements of the Act. (*Lyon*, 156 Ill. App. 2d at 655, 509 N.E.2d at 706-07.) Although plaintiff's argument in the case at bar is quite persuasive, it is an argument that should be more appropriately addressed to the legislature. The legislature determined which health care professionals could submit the required report under the statute, and we will not substitute our judgment for that of the legislature when the statute is clear.

Defendant contends that plaintiff's failure to comply with the Act within the proper time period (her 90 days expired on March 17, 1987) and the expiration of the statute of limitations compel a dismissal of her cause of action with prejudice. The Act states: "The

failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(2)(g).) Section 2—619 sets forth the procedure for involuntary dismissals. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619.) Because the trial court agreed with plaintiff's interpretation of the statute, it denied defendant's motion to dismiss; thus, it did not address this issue.

■ Nevertheless, defendant's argument is without merit. Our supreme court has held that a trial court has discretion to grant dismissal with or without prejudice; section 2—622 does not mandate dismissal with prejudice. (*McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.) The court in *McCastle* also held that a trial court has discretion to grant a plaintiff leave to file an amended complaint if the plaintiff seeks to amend the affidavits or if the plaintiff neglects to file the affidavits originally. *McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.

Although both *Lyon* and *Goldberg v. Swedish Covenant Hospital* (1987), 160 Ill. App. 3d 867, 513 N.E.2d 919, cited by defendant, upheld the trial court's dismissal of plaintiff's complaint for failure to comply with section 2—622, those cases are distinguishable from the case at bar. In both cases, the plaintiffs failed to file any affidavit or report at all as required by section 2—622(a)(1). (*Lyon*, 156 Ill. App. 3d at 651-52, 509 N.E.2d at 704; *Goldberg*, 160 Ill. App. 3d at 868-69, 513 N.E.2d at 920.) Moreover, neither of those cases dealt with the issue before us. The primary issue in *Lyon* was whether plaintiff's complaint alleging negligence of an ambulance service fell within the scope of "healing art malpractice" such that plaintiff had to comply with section 2—622. Because the court found that part of plaintiff's complaint fell within the ambit of "healing art malpractice," it upheld the trial court's dismissal of that part of the complaint for plaintiff's failure to submit an affidavit and report as required by section 2—622(a)(1). *Lyon*, 156 Ill. App. 3d at 655-56, 509 N.E.2d at 706-07.

The issue in *Goldberg* was whether the trial court could dismiss the complaint with prejudice because plaintiffs failed to file an affidavit and report as required by section 2—622(a)(1). The court upheld the trial court's dismissal, because plaintiffs could have moved for an involuntary dismissal but failed to do so. (*Goldberg*, 160 Ill. App. 3d at 870, 513 N.E.2d at 921.) The court in *Goldberg* specifically noted that the issue of whether the trial court had the discretion to permit a late filing of the documents required by section 2—622(a) was not before it. (*Goldberg*, 160 Ill. App. 3d at 869 n.1, 513 N.E.2d at 921 n.1.) In both *Lyon* and *Goldberg*, the appellate court

merely upheld the trial court's discretion in dismissing the suit. Neither decision *mandated* dismissal, and certainly both decisions must be read in the context of the supreme court's opinion in *McCastle*.

The court in *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 509 N.E.2d 804, however, reversed the trial court's order dismissing plaintiff's suit with prejudice. In *Walter*, plaintiff failed to file the requisite affidavit under section 2–622(a)(1) or section 2–622(a)(2). She filed her complaint one day before the expiration of the statute of limitations. Defendant filed a motion to dismiss and plaintiff thereafter filed a motion for leave to file the affidavit stating that she had retained an expert prior to filing the complaint but inadvertently failed to attach the affidavit. Defendant filed a memorandum in support of his position, and plaintiff filed her response in which she changed her position and alleged that she could not obtain the consultation prior to the running of the statute of limitations; she thus requested leave to file a section 2–622(a)(2) affidavit. She made this request 64 days after filing the complaint. The trial court, however, granted defendant's motion to dismiss with prejudice.

The appellate court reversed the trial court's order. The appellate court first noted that plaintiff's failure to attach the affidavit was a mere technical and inadvertent error, especially inasmuch as the affidavit existed prior to the filing of the lawsuit. (*Walter*, 156 Ill. App. 3d at 711, 509 N.E.2d at 806.) The court stated that the legislature did not intend for section 2–622 to limit malpractice actions by cutting off a plaintiff's right to relief. Rather, the legislature only wanted to prevent meritless suits. (*Walter*, 156 Ill. App. 3d at 710, 509 N.E.2d at 806.) Thus, the appellate court held that the trial court had discretion to permit plaintiff to file the affidavit at a later date. *Walter*, 156 Ill. App. 3d at 711, 509 N.E.2d at 806.

■ We, likewise, believe that plaintiff in the case at bar is entitled to amend her complaint upon remand. As we noted earlier, the supreme court has held that failure to comply with section 2–622 does not mandate dismissal. (*McCastle*, 121 Ill. 2d at 192, 520 N.E.2d at 295.) Moreover, the courts in both *McCastle* and *Walter* stated that a plaintiff can be granted leave to amend the complaint to correct any defects resulting from failure to comply with section 2–622. (*McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296; *Walter*, 156 Ill. App. 3d at 711, 509 N.E.2d at 806.) We are not faced with the situation where plaintiff failed to file any affidavit pursuant to section 2–622(a)(1) or section 2–622(a)(2). On the contrary, plaintiff timely filed affidavits under both sections. Plaintiff thereafter challenged the statute's requirement regarding the type of health care

professional to be consulted for the affidavit, and plaintiff was well within her rights to assert that challenge.

■ Defendant contends that Illinois law only allows an amendment to relate back to the original pleading if

"the time prescribed or limited had not expired when the original pleading was filed, and if *** the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, *if the condition precedent has in fact been performed ***.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).)

Defendant argues that the condition precedent of obtaining the physician's affidavit was not performed and therefore because the amendment cannot relate back to the original pleading, plaintiff's complaint should be dismissed. Although compliance with section 2—622 may be a condition precedent to plaintiff's right to recovery, such compliance need not take place prior to the running of the statute of limitations. In fact, the Act itself allows a plaintiff to file the appropriate affidavits after the complaint is filed (but within 90 days), even if the statute of limitations has expired. Again, we point out that a court has discretion to allow a plaintiff to amend the affidavit even after the expiration of the 90-day period. As we noted earlier, the legislature only enacted section 2—622 to prevent frivolous lawsuits. Allowing plaintiff leave to amend in order to comply with the statute will not defeat that purpose.

For the foregoing reasons, we reverse the order of the trial court and remand this cause with instructions to grant plaintiff leave to file an amended affidavit in accordance with this opinion.

Reversed and remanded with directions.

HARRISON, P.J., and LEWIS, J., concur.