LEON BLALARK, Indiv. and as Special Adm. of the Estate of Rita Blalark, Deceased, Plaintiff-Appellee, v. B.U. CHUNG *et al.*, Defendants (Harold Berner *et al.*, Defendants-Appellants).

First District (3rd Division)  Nos. 87—314, 87—325, 87—555 cons.

Opinion filed December 21, 1988.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Peter J. Mone, Michael A. Pollard, Michael J. Wagner, and Luke L. Cauchot, of counsel), for appellant Harold Berner.

Michael J. Gallagher, John N. Seibel, Mark P. Loftus, and Judith A. Schieber, of Cassiday, Schade & Gloor, Hugh C. Griffin and Robert Dennis Rasor, of Lord, Bissell & Brook, and Robert Marc Chemers, Michael G. Bruton, and William E. Kenny, of Pretzel & Stouffer, all of Chicago, for other appellants.

Thomas P. Valenti, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Leon Blalark, individually and as special administrator of the estate of decedent Rita Blalark, filed a medical malpractice action against numerous defendants, including appellants Drs. Harold Berner, H.J. Kim, Gene Oh, R. Tolentino, and Solomon I. Secemsky. (Dr. Secemsky has been dismissed from this appeal.) The trial court denied defendants' motions to dismiss because of plaintiff's failure to file the attorney's affidavit and the medical report required by section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622). The court granted plaintiff an extension of time, but certified the following question, and we accepted the appeal.

> "Whether pursuant to section 2—1007 of the Code of Civil Procedure, the Court has the authority to extend the time allowed by section 2—622 of the Code of Civil Procedure for the filing of the required affidavits and medical reports."

Decedent died in the recovery room following surgery on a herniated disk, allegedly as the result of negligence relating to the anesthesia. On August 13, 1985, plaintiff filed the original complaint. On August 15, 1985, the section 2—622 affidavit and medical report requirement became effective. On October 17, 1985, plaintiff filed a first amended complaint which added Drs. Berner and Kim as defendants. On June 20, 1986, in *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763, the supreme court upheld the constitutionality of the 1985 medical malpractice legislation.

. On August 12, 1986, plaintiff filed, on his own motion and with leave of court, an affidavit and an internist's medical report regarding the alleged negligence of the doctors.

On October 16, 1986, the trial court struck the internist's medical report as to anesthesiologists Drs. Berner and Kim, and granted plaintiff leave to file another medical report within 60 days. On October 31, 1986, plaintiff filed an anesthesiologist's medical report, which was found to be in compliance with section 2—622. On January 14, 1987, the trial court denied defendants' section 2—619 motion to dismiss.

■■ Since the filing of this appeal, several opinions have addressed the issues raised by the certified question here. In *Bassett v. Wang* (1988), 169 Ill. App. 3d 663, 523 N.E.2d 1020, this court held that section 2—622 applies to an amended complaint which names a new defendant and is filed after the effective date of the

statute. Thus, we agree with defendants that plaintiff must comply with the new statute. Although the original complaint was filed two days prior to the statute's effective date, the defendants appearing in this appeal were all added after that effective date.

■■ Having found section 2—622 applicable, the only question is whether the trial court "has authority to extend the time allowed by section 2—622." Since the certification of this question, our supreme court has held that the trial court has the authority to exercise its discretion in deciding whether to extend the time allowed by section 2—622 for filing the affidavit and medical report.

In *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293, the court held that the legislature did not intend to require dismissal with prejudice for failure to comply with section 2—622. The trial court may, in its discretion, grant leave to file an amended pleading in compliance with section 2—622. We hold that the trial court had the authority to extend the filing time here.

■■ Defendants urge us to exceed the bounds of the certified question and address their contention that the trial court abused its discretion because it failed to determine whether plaintiff had good cause, under either section 2—622 or section 2—1007, to delay filing the affidavit and medical report. Under Supreme Court Rule 308(a), however, we are restricted to the narrow limits of the certified question and we have no authority to venture beyond those limits. 107 Ill. 2d R. 308(a).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WHITE, P.J., and RIZZI, J., concur.