STEVE A. WASIELEWSKI, Plaintiff-Appellant, v. W. GILLIGAN *et al.*, Defendants-Appellees.

Second District   No. 2—88—0999

Opinion filed October 18, 1989.—Rehearing denied November 22, 1989.

Edward J. Walsh, Jr., and John Kennedy, both of Walsh & Knippen, Chartered, of Wheaton, for appellant.

Bruce S. Terlep, of Wildman, Harrold, Allen & Dixon, of Wheaton, and Lenard C. Swanson, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee W. Gilligan.

Ian H. Levin and Samuel J. Betar III, both of Kamensky & Rubinstein, of Lincolnwood, for appellee A. Arain.

Terrence K. McGrath, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellee H.M. Kawanaga.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Steve A. Wasielewski, appeals the trial court's order denying his motion to reconsider the dismissal with prejudice of his medical-malpractice complaint against defendants, Drs. W. Gilligan, H.M. Kawanaga and A. Arain, for failure to comply with the documentation requirements of section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622). On appeal, plaintiff contends that the trial court's dismissal of his complaint with prejudice, pursuant to section 2—622, was an abuse of the trial court's discretion because: (1) plaintiff satisfied all the documentation requirements of section 2—622, albeit outside the time established in the statute; (2) the trial court had discretion to permit late filings of required documents pursuant to section 2—622; and (3) section 2—622 does not require a trial court to dismiss a plaintiff's complaint with prejudice for failure to comply with its requirements.

From 1977 through 1985, plaintiff received medical treatment for back problems from defendants, Drs. Gilligan, Kawanaga, and Arain. On October 21, 1985, plaintiff first became aware that injuries he sustained to his hips might be the result of negligent medical treatment rendered by defendants. On January 30, 1987, plaintiff filed a medical-malpractice complaint against defendants in Cook County. Due to his inability to obtain a medical expert, plaintiff voluntarily dismissed his suit in Cook County without prejudice on May 8, 1987.

On April 28, 1988, plaintiff filed a second medical-malpractice complaint against the three defendants in Du Page County. Plaintiff's new counsel attached an affidavit to the complaint, pursuant to section 2—622(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(2)), which stated that the statute of limitations on plaintiff's cause was about to expire and the medical consultation required by this section could not be obtained before such expiration date. All defendants filed motions to dismiss plaintiff's complaint based upon, *inter alia*, his failure to comply with the documentation requirements

of section 2—622(a)(1) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1)).

On August 30, 1988, plaintiff filed a "certificate of merit" prepared by a physician licensed to practice in the State of Illinois which stated the physician's opinion that plaintiff's cause was meritorious. The next day, the parties argued defendant Gilligan's motion to dismiss, which the trial court granted with prejudice for reasons stated in a letter of opinion dated September 1, 1988. During the hearing, plaintiff's counsel stated that he had not yet filed the attorney's affidavit required by section 2—622(a)(1) because he conceded that the health professional who had provided plaintiff's consultation did not practice in the same specialty as defendants. Thus, counsel was unable to affirm that he had consulted and reviewed the facts of the case with a health professional who practiced in the same specialty as defendants as required by the statute.

Plaintiff filed a timely motion to reconsider the trial court's dismissal of the complaint as to Dr. Gilligan. On September 15, 1988, the parties presented argument on the remaining defendants' motions to dismiss and plaintiff's motion to reconsider. The trial court dismissed the complaint as to the remaining defendants with prejudice for reasons stated in a letter of opinion and order, both dated September 20, 1988. In another order issued one week later supported by a third letter of opinion, the court stated its denial of plaintiff's motion for reconsideration "shall remain in effect." Plaintiff's timely appeal ensued.

The issue on appeal is whether the trial court abused its discretion in dismissing plaintiff's medical-malpractice complaint with prejudice for failure to comply with the documentation requirements and time limits established in section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622).

The supreme court has recently considered a similar issue in *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293, in which the court provides a concise summary of the applicable provisions of section 2—622:

> "Section 2—622(a)(1) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1)) provides that in any action for medical malpractice the plaintiff must attach to the complaint an affidavit stating that he has consulted with a health professional in whose opinion there is a 'reasonable and meritorious cause' for the filing of the action. In addition, the plaintiff must also attach the written report of the health professional indicating the basis for his determination. Section 2—622(a)(2) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2)) allows for a 90-day extension for the fil-

ing of the affidavits if the statute of limitations is near expiration, and section 2—622(a)(3) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(3)) provides that if the plaintiff is having difficulty obtaining necessary medical records he is given 90 days upon receipt of the medical records in which to file the affidavits. Section 2—622(g) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g)) provides that 'failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619.' " (121 Ill. 2d at 190-91, 520 N.E.2d at 294-95.)

Thus, section 2—622 requires a medical-malpractice plaintiff to attach one of three types of affidavit to his complaint upon filing: (1) the subsection (a)(1) affidavit and accompanying written report certifying the meritoriousness of the cause of action; or (2) the subsection (a)(2) affidavit stating the imminent expiration of the statute of limitations and the plaintiff's inability to provide a subsection (a)(1) affidavit and accompanying written report prior to such expiration; or (3) the subsection (a)(3) affidavit stating the plaintiff's inability to obtain certain medical records which the plaintiff needs for the review and consultation required in subsection (a)(1). The statute further provides dismissal as a sanction against plaintiffs who failed to file "a certificate." Although "certificate" is not defined, the clear language of section 2—622 indicates that the certificate is the subsection (a)(1) affidavit which is to be prepared by the plaintiff or his counsel. See *Huff v. Hadden* (1987), 160 Ill. App. 3d 530, 534, 513 N.E.2d 541, 544; see also *Abbey v. Ravingdranathan* (1987), 160 Ill. App. 3d 161, 163, 513 N.E.2d 131, 133.

In *McCastle*, the plaintiff failed to file any affidavit with his medical-malpractice complaint, and the trial court granted the defendants' motions to dismiss with prejudice. The supreme court considered the sole issue of whether the trial court's order was reversible error. The *McCastle* court considered the legislative history of section 2—622 and concluded that the legislature did not intend to require dismissal with prejudice. The court stated:

"Requiring that section 2—622 dismissals be with prejudice would be a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms. We decline to ascribe such intentions to the legislature." *McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.

In *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 509 N.E.2d 804, a decision filed shortly before *McCastle*, the appellate court discussed

the legislative history and intent of section 2—622 at length. In *Walter*, the plaintiff failed to attach any affidavit to her medical-malpractice complaint, and the defendant moved to dismiss. The plaintiff then sought leave to file the subsection (a)(1) affidavit asserting the meritoriousness of her claim to which defendant objected. She later amended her request, stating she wanted to file a subsection (a)(2) affidavit indicating her inability to obtain a medical expert's opinion regarding the meritoriousness of her action prior to the expiration of the statute of limitations. This request was made 64 days after the complaint was filed. The complaint was dismissed with prejudice. On review, the appellate court stated that a plaintiff's lack of any affidavit at the filing of her complaint was not fatal as the statute provided a "safety valve." (*Walter*, 156 Ill. App. 3d at 710, 509 N.E.2d at 806.) The court opined that the legislature did not intend section 2—622 to impose a further restriction upon medical-malpractice plaintiffs in addition to the statute of limitations so that it would cut off all rights to relief, but rather the statute "only puts a requirement of meritoriousness on the pending suit." (156 Ill. App. 3d at 710, 509 N.E.2d at 806.) Thus, the appellate court determined that precluding Walter's suit would not carry out the legislative intent of section 2—622. It held that the section does not mandate dismissal with prejudice because the Code of Civil Procedure is to be construed liberally so as to guard parties' substantive rights pursuant to section 1—106 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 1—106). (*Walter*, 156 Ill. App. 3d at 711, 509 N.E.2d 806.) Additionally, the court stated that section 2—619 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) does not require a dismissal with prejudice on the basis of a technical deficiency in pleadings. 156 Ill. App. 3d at 711, 509 N.E.2d at 806.

The *Walter* court held the plaintiff's failure to timely provide a section 2—622(a)(1) affidavit to be merely a minor technical error and, even though Walter should have included a section 2—622(a)(2) affidavit with her complaint at the time of filing if she needed more time, the trial court would have been well within its discretion to permit her to submit such an affidavit late. The court stated:

> "This course of action would have most fully fulfilled the legislative goal of protecting the substantive rights of the parties while at the same time keeping with the spirit of section 2—622 and its purpose of deterring nonmeritorious litigation." 156 Ill. App. 3d at 711, 509 N.E.2d at 806.

Thus, we note the indisputable purpose of section 2—622 is to deter the filing of frivolous medical-malpractice lawsuits and to insure the meritoriousness of those causes which are filed. This purpose

has been recognized by the supreme court in *McCastle* and the appellate court in *Walter* as well as *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 371, 519 N.E.2d 66, 69, *Hauk v. Day* (1988), 167 Ill. App. 3d 758, 761, 521 N.E.2d 1243, 1244, *Whamond v. McGill* (1988), 168 Ill. App. 3d 66, 70, 522 N.E.2d 211, 214, *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 859, 523 N.E.2d 563, 572, *Shanks v. Memorial Hospital* (1988), 170 Ill. App. 3d 736, 738, 743, 525 N.E.2d 177, 179, 181, and *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1037, 527 N.E.2d 1328, 1330. Further, it is well established that a medical-malpractice plaintiff's failure to comply with the documentation requirements of section 2—622 does not mandate dismissal with prejudice. *McCastle*, 121 Ill. App. 3d at 193, 520 N.E.2d at 296; *Blalark v. Chung* (1988), 177 Ill. App. 3d 541, 543, 532 N.E.2d 518, 520; *Bassett v. Wang* (1988), 169 Ill. App. 3d 663, 668-69, 523 N.E.2d 1020, 1023-24.

■ Plaintiff correctly points out that noncompliance with section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622) does not require the trial court to dismiss the complaint with prejudice. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 192-93, 520 N.E.2d 293, 295-96; *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1037, 527 N.E.2d 1328, 1330.) Instead, the trial court is given the discretion to determine whether the pleadings comply with section 2—622 of the Code. (*McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.) The trial court's determination as to the sufficiency of the pleadings depends on the facts and circumstances of each case. (*Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 854-55, 523 N.E.2d 563, 569.) Absent a manifest abuse of discretion, the trial court's determination will not be reversed on appeal. *McCastle*, 121 Ill. 2d at 194, 520 N.E.2d at 296; *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 638, 536 N.E.2d 125, 129.

A review of the facts in the case at bar reveals that plaintiff initially filed a medical-malpractice complaint against the three defendant-doctors on January 30, 1987, in the circuit court of Cook County. On May 8, 1987, plaintiff voluntarily dismissed the complaint, apparently due to plaintiff's inability to or unwillingness to secure and pay for a physician to review the case. On April 28, 1988, plaintiff refiled the complaint against the same three physicians in the circuit court of Du Page County. Plaintiff attached an affidavit to the complaint stating that he was unable to obtain a consultation as required by section 2—622(a)(1) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1)) and was given 90 days to file the certificate. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(2).) Plaintiff did not file the certifi-

cate within the 90-day period, and the trial court subsequently dismissed the complaint.

■ The trial court did realize that it had discretion in the matter but made its decision to dismiss the complaint with prejudice, instead of allowing plaintiff to amend the complaint. In the trial court's second letter of opinion, it stated:

> "While this violation of the Rule seems to be one that can be corrected at the discretion of the court as are each of the other aforementioned shortcomings, as I stated before in my Letter of Opinion of September 1, 1988 I believe that the cumulative effect of these errors is such that the plaintiff is not entitled to have this court exercise discretion in his behalf."

The court took the particular facts and unique circumstances of this case into consideration before determining that the complaint should be dismissed. Thus, this is not a case in which the trial court should be reversed because it erroneously believed that the Code mandated a dismissal with prejudice. (See *McCastle*, 121 Ill. 2d at 194, 520 N.E.2d at 296; *Alford*, 169 Ill. App. 3d at 859, 523 N.E.2d at 272; *Bassett v. Wang* (1988), 169 Ill. App. 3d 663, 669, 523 N.E.2d 1020, 1024; *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 710-11, 509 N.E.2d 804, 806.) The court's determination was not a manifest failure to exercise its discretion, and its dismissal was not an abuse of discretion.

Two recent decisions have upheld a trial court's decision to dismiss a medical-malpractice complaint with prejudice for noncompliance with section 2—622 of the Code. In *Batten v. Retz* (1989), 182 Ill. App. 3d 425, 538 N.E.2d 179, the plaintiff failed to timely file the physician's certificate of merit, and the trial court dismissed the complaint with prejudice. The court refused to allow the plaintiff to amend the complaint because the plaintiff failed to offer evidence to show good cause for the late filing of the certificate. (*Batten*, 182 Ill. App. 3d at 428, 538 N.E.2d at 182.) The appellate court affirmed, holding that the trial court did not abuse its discretion in dismissing the complaint with prejudice. *Batten*, 182 Ill. App. 3d at 430, 538 N.E.2d at 183.

Likewise, in *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 536 N.E.2d 125, the trial court dismissed the plaintiff's complaint with prejudice for failing to timely file the physician's certificate. The court refused to allow the plaintiff additional time to amend the complaint and file the certificate. (*Moss*, 180 Ill. App. 3d at 635, 536 N.E.2d at 127.) The appellate court affirmed, holding that the trial court acted within its discretion in denying leave to amend the complaint and in dismissing the action with prejudice. *Moss*, 180 Ill. App. 3d at 639,

536 N.E.2d at 129.

Plaintiff's failure to file the required physician's certificate is not a mere technical deficiency. Plaintiff filed malpractice actions in two different circuit courts approximately 15 months apart, each time receiving the statutory 90-day extension to file the certificate of merit. Plaintiff failed to file a certificate of merit within either 90-day period. The trial court was not required to exercise its discretion in favor of plaintiff given the numerous opportunities plaintiff had to comply with section 2—622 of the Code.

We affirm the judgment of the circuit court.

Affirmed.

DUNN and INGLIS, JJ., concur.