**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 3, 2018[*]
Decided May 4, 2018

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 17-2575 <br><br> ROLAND J. PARKER, <br>   *Plaintiff-Appellant,* <br><br>     *v.* <br><br> UNITED STATES OF AMERICA, <br>   *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 16 C 10391 <br> Charles P. Kocoras, *Judge.* |

**Order**

Roland Parker alleges that, hours after he had surgery at a Veterans Health Administration hospital, a doctor and two other hospital employees attacked him, immobilized him, and administered an unknown drug. Parker sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80. The district judge dismissed the case because Parker failed to attach to his complaint an affidavit, which the judge said is

---

[*] We have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a)(2)(C).

required for medical malpractice claims under the Illinois Healing Art Malpractice Act, 735 ILCS 5/2-622.

We recite the facts as Parker alleged them in his complaint. Parker went to the hospital to have a portion of one lung removed. Awakening a few hours later, he declined a nurse's offer of pain medication. Parker observed that the nurse, a person Parker calls Dr. Plichta, and a young man who Parker believed was a maintenance worker appeared nervous. Parker grew suspicious, called an acquaintance who is a licensed practical nurse, and asked her to join him at the hospital. Parker said that the three hovering employees then "launched a physical attack" on him. Dr. Plichta put one of Parker's arms in a "Hammer-Lock" and the young man restrained his legs. While he was restrained, the nurse administered a drug through his intravenous unit. The drug induced the same sensation as one he had felt the week before during a stress test. Parker says that the "scuffle" caused him to suffer respiratory arrest and that he needed "Electro Shock Therapy" as a result. He now suffers from a permanent heart condition and must take medication that has potentially life-threatening side effects.

Parker sued under the FTCA, claiming "Intentional Medical Mal Practice". The Act gives federal courts jurisdiction over malpractice and medical battery claims against the United States arising out of the wrongful acts of a health care employee of the Veterans Health Administration while in the exercise of the employee's duties. 38 U.S.C. §7316(f); *Levin v. United States*, 568 U.S. 503, 517–18 (2013). Parker attached to his complaint an affidavit from his acquaintance attesting that, in her experience as a nurse, subjecting Parker to a stress test after lung surgery was "highly dangerous".

The district judge granted the government's motion to dismiss the complaint. The judge concluded that Parker did not set forth sufficient factual allegations to support a plausible claim for relief. See Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The judge also ruled that the Illinois Healing Art Malpractice Act required Parker to include an affidavit confirming that he had consulted a physician who concluded that "there is a reasonable and meritorious cause for filing [the] action." See *Shanks v. Memorial Hospital*, 170 Ill. App. 3d 736 (1988) (affidavit must show that plaintiff consulted a licensed physician).

After the district court entered judgment, Parker moved for leave to file an amended complaint with a claim of medical battery, which would not require a physician's affidavit. He attached to his motion a proposed amended complaint. The judge denied the motion because Parker's proposed amended complaint still lacked sufficient allegations.

On appeal Parker argues that his proposed amended complaint states a claim of medical battery and falls outside the scope of the Illinois Healing Art Malpractice Act. We agree with that conclusion, and the district court therefore should have accepted the amendment (at least as a supplement to the original complaint). A plaintiff claiming medical battery in Illinois may recover if he shows "a total lack of consent to the procedure performed, that the treatment was contrary to the patient's will, or that the treatment was at substantial variance with the consent granted." *Fiala v. Bickford Senior Living Group, LLC*, 2015 IL App (2d) 150067, ¶20 (quoting *Curtis v. Jaskey*, 326 Ill. App. 3d 90, 94 (2001)). Parker alleges that Dr. Plichta and the two other employees attacked him, restrained him, and subjected him to medical treatment to which he did not consent and which he actively resisted.

Parker's complaint mentions "malpractice" rather than "medical battery," but this is irrelevant. The Rules of Civil Procedure require plaintiffs to state a claim for relief, that is, a "grievance," not to plead a legal theory and facts supporting every element. See *Johnson v. Shelby*, 135 S. Ct. 346 (2014); *Rapid Test Products, Inc. v. Durham School Services, Inc.*, 460 F.3d 859, 861 (7th Cir. 2006); see also *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017). Because Parker's complaint (the original as well as the proposed amendment) states a plausible claim of medical battery, he is entitled to proceed without an affidavit from a physician. A plaintiff who alleges that he was subjected to treatment without his consent or against his will is not subject to the state law requiring a physician's affidavit. See *Fiala* at ¶¶ 32–33.

The government responds that the complaint sounds in malpractice because the drug was either a post-surgical treatment or a response to a medical emergency, so that its delivery was within the scope of Parker's consent to surgery. But that is a factual defense that must be tested; the defendants cannot obtain dismissal based on a conflicting version of the facts.

This enables us to avoid a potentially difficult question about whether it is *ever* necessary to attach a particular document to a complaint in federal court. A suit under the FTCA tracks state substantive law, see 28 U.S.C. §1346(b)(1), and we have concluded that state-law requirements that tort claims be supported by affidavits or expert testimony are substantive for this purpose. See *Gipson v. United States*, 631 F.3d 448, 451–52 (7th Cir. 2011) (Indiana); *Murrey v. United States*, 73 F.3d 1448, 1456 (7th Cir. 1996) (suggesting that a need for expert medical testimony in Illinois is substantive). But to say that a state requirement is substantive is not to say when and how that requirement will be enforced. Federal courts use their own adjudicatory procedures. See generally *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994). Rule 8 calls for a short and plain statement of the claim and does not require a complaint to include any document, no

matter how vital that document may be to the suit's eventual success. When faced with a conflict between state and federal procedures, district courts must use the federal rules. See, e.g., *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996); *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). Evidence required as a matter of state substantive law comes after the complaint, often at the summary-judgment stage, even if in state court the complaint must supply evidence and not just make claims.

Finally, only a few words are necessary concerning the district court's alternative ground of decision—that the complaint did not allege enough facts to make out a claim of either battery or medical malpractice. Illinois uses a fact-pleading system, and the district judge proceeded as if that system applies in federal court whenever state law supplies the rule of decision. For reasons already given, that is not so. Federal pleading rules apply no matter how a state chooses to structure its own system. In addition to the opinions already cited, see, e.g., *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018). Parker's complaint sets out a plausible claim for battery, malpractice, or both. It could not be dismissed as inadequate under Rule 8.

The judgment is vacated, and the case is remanded for proceedings consistent with this order.