NO. 5-96-0461

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

MICHAEL A. APA,                      )  Appeal from the 

                                     )  Circuit Court of

     Plaintiff-Appellant,            )  Crawford County.  

                                     )

v.                                   )  No. 95-L-32

                                     )     

DAVID ROTMAN, M.D., and MICHAEL W.   )

ELLIOTT, M.D.,                       )  Honorable

                                     )  David M. Correll, 

     Defendants-Appellees.           )  Judge, presiding.  

_________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Michael A. Apa, appeals from an order of the circuit court of Crawford County dismissing with prejudice his medical malpractice suit against defendants, David Rotman, M.D., and Michael W. Elliott, M.D.  For reasons which follow, we reverse the judgment of the circuit court of Crawford County and remand this cause for further proceedings.  

Plaintiff's complaint was dismissed, on motion of defendants, for the failure to comply with section 2-622 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 1992)).  That statute requires that in any action for medical malpractice the plaintiff or his attorney shall file an affidavit that he has consulted with a qualified medical expert who has concluded in a written report that a meritorious cause of action exists.  The statute further requires that the medical expert's written report be attached to the affidavit.  It is undisputed that plaintiff did file such an affidavit and report in a timely fashion.  Defendants argue, however, that the affidavit and written report do not comply with the statute's substantive requirements.  

On July 11, 1994, plaintiff filed in the circuit court of Cook County a complaint against defendants, seeking damages for their negligence in treating a fractured finger.  Attached to the complaint was the affidavit of plaintiff's attorney, in accordance with section 2-622 of the Code (735 ILCS 5/2-622 (West 1992)).  The affidavit stated that the affiant had been unable to obtain the required consultation with a medical expert because the statute of limitations would impair the action and the consultation could not be obtained before the expiration of the statute of limitations.  Pursuant to the statute, the filing of this affidavit extended the time for filing the required affidavit and medical report for 90 days after the filing of the complaint.  735 ILCS 5/2-622 (West 1992).  

On August 26, 1994, defendant Elliott filed a motion for a change of venue to Crawford County.  This motion was granted on September 16, 1994.  However, the file was not transferred to Crawford County until November 20, 1995.  

On October 11, 1994, within the 90 days allowed by law, plaintiff's attorney filed an affidavit pursuant to section 2-622, stating that he had consulted and reviewed the facts of the case with a qualified health professional, that the health professional had determined in a written report, after a review of the medical records and other relevant materials, that there is a reasonable and meritorious cause for filing the cause of action, and that based thereon the attorney had concluded that there is a reasonable and meritorious cause for filing the action.  Attached to the affidavit is the written report of a licensed medical doctor, stating:  

"I ***, after a review of the facts of Michael A. Apa's case involving the Crawford Memorial Hospital and medical professionals, conclude on the basis of my review that there is a reasonable and meritorious case for filing of a malpractice action."

The record does not indicate that the affidavit was ever served on the defendants.

On April 2, 1996, defendant Rotman filed a motion to vacate any defaults theretofore entered against him, and Rotman's motion sought leave to file 
instanter
 a motion to dismiss the complaint.  A notice of the motion to vacate defaults and a hearing to be held on April 15, 1996, was served on plaintiff by deposit in the United States mail on March 29, 1996.  Rotman's motion to dismiss was not filed until April 15, the date of the hearing.  It was not served on plaintiff.  Rotman's motion to dismiss seeks dismissal pursuant to sections 2-622 and 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622, 2-615 (West 1992)).  The motion alleges that plaintiff had failed to file the affidavit and written report required by section 2-622.   

On April 12, 1996, defendant Elliott filed a motion to dismiss the complaint pursuant to sections 2-619 and 2-622 of the Code (735 ILCS 5/2-619, 2-622 (West 1992)), alleging that plaintiff had failed to comply with section 2-622.  Attached to the motion is defendant's memorandum stating that plaintiff had failed to file the affidavit required by section 2-622 and that it was within the discretion of the trial court to dismiss plaintiff's complaint with or without prejudice.  The motion, memorandum, and notice of hearing thereon scheduled for April 15, 1996, were served on plaintiff by being deposited in the United States mail on April 11, 1996.

The matter came on for hearing on April 15, 1996.  Plaintiff failed to appear.  No report of proceedings of the hearing on the motion to dismiss is included in the record on appeal.  It is clear from the defendants' motions to dismiss, however, that they were unaware that plaintiff had, indeed, filed an affidavit and written report pursuant to section 2-622.  Whether the trial court was also unaware of this fact is not clear from the record.  In any event, the circuit court entered an order dismissing plaintiff's complaint with prejudice for failure to comply with section 2-622.

On May 14, 1996, plaintiff filed a motion to vacate the order of dismissal.  Plaintiff's motion to vacate alleges that he had not received notice of Elliott's motion to dismiss by mail until the day of the hearing, at which point it was too late for plaintiff's attorney to travel to the hearing.  Plaintiff did receive notice of Rotman's motion to vacate defaults and for leave to file a motion to dismiss, but plaintiff had intended to reply to the motion to dismiss in writing when it was filed.  Plaintiff did not know that the motion to dismiss would be filed and heard on April 15.  Attached to the motion to vacate is a copy of a facsimile message which plaintiff's attorney sent to the trial court and defendants' attorneys immediately upon receiving notice of the hearing on Elliott's motion to dismiss.  That message recites that the section 2-622 affidavit had been filed and explains plaintiff's attorney's failure to appear at the hearing.  Again, there is no report of proceedings of the hearing on plaintiff's motion to vacate.  The motion was denied by a docket entry order which fails to state any reasons for the denial.  Plaintiff brings this appeal.

Because of the condition of the record on appeal, we cannot determine on what basis the trial court dismissed with prejudice plaintiff's complaint.  Defendants had moved for dismissal on the mistaken assumption that no affidavit had been filed.  However,  the timely filing of the affidavit was brought to the attention of the trial court at the hearing on plaintiff's motion to vacate the dismissal, and the trial court persisted in dismissing the complaint with prejudice.  Certainly, if the trial court dismissed because it mistakenly believed that the affidavit had not been timely filed, its finding is erroneous and the dismissal of plaintiff's complaint with prejudice was an abuse of the trial court's discretion.  However, we further find that, even assuming that the affidavit is substantively deficient and that the trial court dismissed on that basis, as defendants argue, the trial court abused its discretion in dismissing with prejudice and not allowing plaintiff an opportunity to amend his affidavit and written report.

Section 2-622 is designed to reduce the number of frivolous medical malpractice lawsuits that are filed and to eliminate such actions at an early stage.  
DeLuna v. St. Elizabeth's Hospital
, 147 Ill. 2d 57, 65 (1992).  The purpose of the enactment is not to burden the plaintiff with insurmountable hurdles prior to filing (
Requena v. Franciscan Sisters Health Care Corp.
, 212 Ill. App. 3d 328, 333 (1991)), but to ensure that plaintiff has a meritorious claim.  
Leask v. Hinrichs
, 232 Ill. App. 3d 332, 339 (1992).  The technical requirements of the statute should not interfere with the spirit or purpose of the statute, and the absence of strict technical compliance is one of form only and not one of substance.  
Comfort v. Wheaton Family Practice
, 229 Ill. App. 3d 828, 832 (1992).   

Accordingly, section 2-622 must be liberally construed so that cases may be quickly and finally decided according to the substantive rights of the parties (
Thompson v. Heydemann
, 231 Ill. App. 3d 578, 582 (1992)), and the technical requirements of the statute should not be mechanically applied to deprive a plaintiff of his substantive rights.  
Comfort
, 229 Ill. App. 3d at 832.  

While the statute provides that the failure to file the required affidavit shall be grounds for dismissal (735 ILCS 5/2-622(g) (West 1992)), whether to dismiss a complaint for a failure to conform to the requirements of section 2-622 is within the discretion of the trial court.   
McCastle v. Mitchell B. Sheinkop, M.D., Ltd.
, 121 Ill. 2d 188, 193 (1987).  However, we have held that, where a minor technical error is involved, permitting a plaintiff to amend more closely furthers the purpose of section 2-622 than dismissing with prejudice.  
Thompson
, 231 Ill. App. 3d at 582; 
Hagood v. O'Conner
, 165 Ill. App. 3d 367, 371 (1988).  

In 
Steinberg v. Dunseth
, 276 Ill. App. 3d 1038, 1042 (1995), we held that while a complaint may be dismissed where it fails to comply with the substantive requirements of section 2-622, that is, where it does not clearly identify the reasons for the health care professional's determination that there is a meritorious cause of action, leave to amend should then be granted.  We pointed out that in a medical malpractice case, a plaintiff should be afforded every reasonable opportunity to establish his case.  
Steinberg
, 276 Ill. App. 3d at 1042.  Accordingly, amendments to pleadings are to be liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities.  
Peterson v. Hinsdale Hospital
, 233 Ill. App. 3d 327, 332 (1992).  The goal is the furtherance of the ends of justice.  
Moss v. Gibbons
, 180 Ill. App. 3d 632, 638-39 (1989).     

Where a court takes the particular facts and unique circumstances of the case into consideration before determining that the complaint should be dismissed with prejudice, the court's determination is not an abuse of discretion, and absent a manifest abuse of discretion, the trial court's determination will not be reversed on appeal.  
Peterson v. Hinsdale Hospital
, 233 Ill. App. 3d 327, 330 (1992).       

We find that the trial court failed to take into consideration the particular facts and unique circumstances of this case in determining to dismiss plaintiff's complaint with prejudice.  Under the facts of this case, dismissal with prejudice of plaintiff's complaint does not appear to have served the purpose of section 2-622, which is to ensure that plaintiff has a meritorious claim.  Nothing in the record indicates that plaintiff is bringing a frivolous claim, and plaintiff did file the section 2-622 affidavit and written report in a timely fashion.  The record does not suggest any bad faith or abuse of the legal process on plaintiff's part.  Plaintiff's filing of the affidavit and report was timely.  Prior to the dismissal with prejudice, plaintiff was given absolutely no notice of any deficiency in the affidavit and report and no notice that the sufficiency of the affidavit and report had been attacked or questioned.  Plaintiff's failure to appear at the hearing on defendants' motions to dismiss is adequately explained by his failure to receive timely notice of the filing of the motions and hearing thereon.  Moreover, other than additional delay, we fail to see any undue prejudice to defendants from at least allowing plaintiff the opportunity to attempt to amend his affidavit and report if and to the extent they are deficient.  We note that the case has been pending for some time without any strong objection from defendants to the delay.  Furthermore, inconvenience or delay is insufficient in itself to deny a medical malpractice plaintiff leave to amend.  
Leask v. Hinrichs
, 232 Ill. App. 3d 332, 340 (1992).      

We note that the record does not indicate that plaintiff tendered a proposed amended affidavit and report while asking leave to amend, a factor which has been important in other cases which affirmed a dismissal with prejudice for failure to substantively comply with section 2-622.  See 
Moss v. Gibbons
, 180 Ill. App. 3d 632, 639 (1989).  In 
Moss
, 180 Ill. App. 3d at 639, the court held that a proposed amendment need not be offered where its offer is foreclosed by the trial court.  Such is the case here, where plaintiff was given no notice prior to the dismissal with prejudice or presumably prior to the hearing on his motion to vacate the dismissal that the sufficiency of his affidavit and report had been challenged or found lacking.  The motions of defendants seeking the dismissal of plaintiff's complaint alleged only that no affidavit had been timely filed by plaintiff, plaintiff was effectively foreclosed from attending the hearing on the motions to dismiss because of late notice, and the trial court's order of dismissal did not specify the basis for the dismissal.  Plaintiff had no reason to offer a proposed amended affidavit where he was unaware of any alleged deficiency in the affidavit he had timely filed.  Accordingly, we find that plaintiff's failure to offer a proposed amended affidavit is excused here and does not mandate that we affirm the trial court's dismissal with prejudice.   

We conclude that, based on the particular facts and unique circumstances of this case, the trial court abused its discretion in dismissing plaintiff's complaint with prejudice and without giving plaintiff the opportunity to attempt to correct any deficiencies in his affidavit and attached report.  Accordingly, we reverse the judgment of the circuit court of Crawford County dismissing plaintiff's complaint with prejudice and remand this cause to the circuit court of Crawford County for further proceedings not inconsistent with this order.

Reversed and remanded.  

CHAPMAN and HOPKINS, JJ., concur.