Rose, C. J.,
dissenting:
I disagree with the majority’s conclusion that a complaint in a medical malpractice action is void when filed without an expert affidavit. I believe that the majority’s interpretation disregards NRCP 15(a) and also exalts form over substance.
The majority concludes that a complaint that does not comply with NRS 41A.071 is void, and therefore, NRCP 15(a) is inapplicable. I do not interpret NRS 41A.071 in such a manner. Although the Legislature was within its power to enact NRS 41A.071, it must still ensure that its laws do not conflict with our preexisting procedural rules.[1] NRS 41A.071 is a statute that governs procedure in medical malpractice cases, and it was enacted after NRCP 15(a), which is a court rule that governs civil procedure. NRS 41A.071 requires dismissal when a plaintiff files an action without a medical expert’s affidavit, while NRCP 15(a) allows that plaintiff to amend her complaint once as a matter of course before a responsive pleading is filed.
Unlike the majority, I interpret NRS 41A.071 and NRCP 15(a) as being in direct conflict, and under our rules of construction, NRCP 15(a) supersedes NRS 41A.071 and controls.[2] Accordingly, I conclude that a plaintiff in a medical malpractice case may amend her complaint once as a matter of course before a responsive pleading is filed to comply with NRS 41A.071’s medical expert affidavit requirement.[3]
I also disagree with the majority’s conclusion because it results in the disposition of cases without a determination on their merits and point out that New Jersey courts have also been concerned *1307 with technically rejecting valid claims and have discussed the “draconian results of an inflexible application” of New Jersey’s medical malpractice statutes.[4] Those courts conclude that the medical malpractice statutes’ goals of reducing frivolous lawsuits are not advanced by dismissing a meritorious, but technically defective, complaint.[5]
Additionally, Illinois courts have concluded that, while Illinois’ medical malpractice statutes were enacted to reduce frivolous lawsuits, they were not designed to “burden the plaintiff with insurmountable hurdles prior to filing.”[6] Therefore, Illinois courts liberally construe the medical malpractice statutes so that cases will be decided on the merits, and “in a medical malpractice case, a plaintiff should be afforded every reasonable opportunity to establish his case.”[7] Thus, the Illinois courts conclude that, although the district court has discretion to dismiss a complaint for failure to include an expert affidavit, permitting the plaintiff to amend her complaint better furthers the statutes’ purpose than would dismissal.[8]
I conclude that the majority has incorrectly interpreted NRS 41A.071 and not given equal recognition to our own rules of procedure, specifically NRCP 15(a). For this reason, I dissent.

 See State v. Dist. Ct., 116 Nev. 953, 959-60, 11 P.3d 1209, 1213 (2000).

 Id.

 However, I agree with Borger v. District Court, 120 Nev. 1021, 102 P.3d 600 (2004), that a plaintiff may not be granted leave to amend to comply with this requirement because leave to amend is discretionary with the district court, while amendment as a matter of course is not.

 Ferreira v. Rancocas Orthopedic, 836 A.2d 779, 783 (N.J. 2003).

 Id. at 783-84.

 Apa v. Rotman, 680 N.E.2d 801, 804 (Ill. App. Ct. 1997).

 Id. The court further stated, “[T]he technical requirements of the statute should not be mechanically applied to deprive a plaintiff of his substantive rights.” Id.

 Id. at 804; Common v. West Suburban Hosp. Med. Center, 704 N.E.2d 731, 739 (Ill. App. Ct. 1998).