DONALD B. COOKSON, Plaintiff-Appellant, v. TODD PRICE *et al.*, Defendants-Appellees.

Third District    No. 3—08—0669

Opinion filed August 11, 2009.—Rehearing denied September 16, 2009.

WRIGHT, J., specially concurring.

Patrick S. O'Shaughnessy (argued), of Peoria, for appellant.

Nicholas J. Bertschy, Karen L. Kendall, Craig L. Unrath (argued), and Adam J. Lagocki, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff Donald Cookson filed a medical malpractice action against defendants Todd Price and the Institute of Physical Medicine and Rehabilitation to recover for injuries he allegedly sustained from physical therapy administered by Price. The trial court dismissed Cookson's complaint for failure to comply with section 2—622 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—622 (West 2006)) and denied his motion to amend his complaint with a new section 2—622 attorney affidavit and certificate by a second health professional. He appealed. We reverse the trial court's dismissal and remand for reinstatement of Cookson's amended complaint.

## FACTS

In October 2007, plaintiff Donald Cookson brought a two-count medical negligence action against defendants Todd Price and the Institute of Physical Medicine and Rehabilitation (collectively Price) alleging that he was injured by Price's negligent physical therapy services. Specifically, Cookson alleged that Price placed an interferential current (IFC) device on his knee and left him unattended for 40 minutes, resulting in further injury to Cookson's knee and necessitat-

ing additional surgery on Cookson's prior total knee replacement. Attached to Cookson's complaint was an attorney affidavit averring that Cookson's attorney was unable to obtain the health professional consultation required by section 2—622 and that the statute of limitations would impair the action. Pursuant to section 2—622(a)(2), Cookson was allowed a 90-day extension to file the required documents. 735 ILCS 5/2—622(a)(2) (West 2006). In January 2008, Cookson filed a second attorney affidavit and a report written by Jeffrey Kornreich, M.D., a board-certified physician in physical medicine and rehabilitation, in which Kornreich concluded that Cookson's action was reasonable and meritorious. 735 ILCS 5/2—622(a)(1) (West 2006).

Price and the Institute filed motions to dismiss, arguing that Kornreich's report did not comply with the requirements set forth in section 2—622, specifically the requirement that the report be authored by a health professional with the same license as Price, in that Kornreich was a physician specializing in physical medicine and rehabilitation while defendant Price was a physical therapy assistant. Price further argued that the merits of the report were insufficient as Kornreich discussed an iontophoresis device rather than the interferential current device that was actually used on Cookson. Lastly, Price claimed that because the statute of limitations had expired and Cookson had used the 90-day extension allowed for in section 2—622 in order to file the consultation report and second attorney affidavit, Cookson should not be allowed to file any additional or supplemental reports.

In July 2008, Cookson filed a motion to file an amended attorney affidavit and a report authored by Jim Modglin, a physical therapy assistant. Following a hearing on the defendants' motions to dismiss, the trial court granted the motions and dismissed Cookson's complaint with prejudice. The trial court also denied Cookson's motion for leave to file the amended attorney affidavit and Modglin report. The trial court, noting that it must construe the requirements of section 2—622 liberally but cannot ignore them, found that Cookson did not comply with the statute's requirements. The trial court also found that Cookson was not seeking to amend the consultation report but was attempting to substitute a new report, which the court determined was not timely filed. Lastly, the trial court held that the defect in the initial report, that it was not authored by a health professional with the same license as Price, could not be cured by amendment. Cookson appealed.

## ANALYSIS

On appeal, we consider whether the trial court erred in dismissing Cookson's complaint for failure to comply with the requirements of

section 2—622 and in denying his motion for leave to amend to file a second attorney affidavit and health professional report pursuant to section 2—622. Cookson contends that the trial court improperly dismissed his cause with prejudice and that it should have allowed him to amend his complaint with the second attorney affidavit and the report of physical therapy assistant Modglin. According to Cookson, the key inquiry is whether he has a meritorious claim, and since he does, denying him leave to amend to correct the purported deficiencies in the original health professional's report does not serve the purposes of section 2—622 requirements. He further argues that while the statute prohibits the granting of additional 90-day extensions, it does not bar the allowance of amendments.

■ Section 2—622(a)(1) requires, in any healing arts malpractice action, that the plaintiff's attorney file an affidavit and health professional's report stating that a reasonable and meritorious cause of action exists. 735 ILCS 5/2—622(a)(1) (West 2006). In actions against individuals, the health professional's report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. 735 ILCS 5/2—622(a)(1) (West 2006). Section 2—622(a)(2) allows a plaintiff a 90-day extension to file an affidavit and written report if the same cannot be obtained because the statute of limitations would impair the action and the required consultation could not be obtained before the limitations period expired. 735 ILCS 5/2—622(a)(2) (West 2006). The statute prohibits additional 90-day extensions except when plaintiff's counsel withdraws. 735 ILCS 5/2—622(a)(2) (West 2006). Failure to file an affidavit and report is grounds for dismissal under section 2—619 of the Civil Code. 735 ILCS 5/2—622(g), 2—619(a)(9) (West 2006). A medical malpractice plaintiff should be allowed every opportunity to establish his case and amendments to such complaints should be liberally allowed; technical rules should not bar the merits of a claim. *Avakian v. Chulengarian*, 328 Ill. App. 3d 147, 154, 766 N.E.2d 283, 289-90 (2002). A plaintiff may be granted leave to amend a complaint to correct defects resulting from a failure to comply with section 2—622 or the trial court may dismiss the complaint with or without prejudice. *Cato v. Attar*, 210 Ill. App. 3d 996, 999, 569 N.E.2d 1111, 1113 (1991). In addition, a court may grant leave to file an amended complaint with a new affidavit and health professional's report. *McCastle v. Sheinkop*, 121 Ill. 2d 188, 192-93, 520 N.E.2d 293, 295-96 (1987). However, when a proposed amendment will not cure a pleading defect, a trial court is within its discretion to deny leave to amend. *Calamari v. Drammis*, 286 Ill. App. 3d 420, 435, 676 N.E.2d 281, 291-92 (1997). This court reviews the dismissal of a complaint for failure to comply with section 2—622

requirements and a trial court's decision to deny leave to amend for an abuse of discretion. *Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995, 997, 673 N.E.2d 364, 366 (1996); *McCastle*, 121 Ill. 2d at 194, 520 N.E.2d at 296.

■ Under the facts and circumstances of the case at bar, we find that the purpose of section 2—622, to prevent frivolous medical malpractice lawsuits, would not be frustrated by allowing Cookson to file an amended attorney affidavit and health professional's report. Price did not argue and the trial court did not determine that Cookson's complaint was without merit or frivolous. To the contrary, two health professionals, including a doctor specializing in physical rehabilitation, as well as a physical therapy assistant, opined that Price deviated from the applicable standard of care in administering physical therapy to Cookson. Moreover, there is no indication of bad faith on Cookson's part in failing to file the Modglin report in the first instance. He indicated his belief that the first report he filed was compliant with the statute in that Kornreich, a board-certified physician in physical medicine and rehabilitation, had greater qualifications in the area at issue than a physical therapy assistant. Cookson expressed concern with whether a report authored by a physical therapist assistant would meet the expert testimony requirements referenced in section 2—622. 735 ILCS 5/2—622(a)(1)(iii), 8—2501(a) through (d) (West 2006). When he was informed that the Kornreich report did not satisfy the requirements of section 2—622, he timely filed for leave to amend with a report by a physical therapy assistant, a health professional with the same license as defendant Price. We did not discover anything in the record demonstrating that Price would be prejudiced by allowing Cookson to amend his complaint with the Modglin report, particularly in light of the fact that both reports reach the same conclusion.

Our reading of the trial court's ruling suggests that the trial court did not believe it could allow Cookson to file a new report authored by a different health professional. In denying leave to amend, the trial court noted the "marked difference" between amending an existing report and substituting a report by a new author. However, nothing in the statute or the case law necessitates the trial court's conclusion. In *Leask v. Hinrichs*, 232 Ill. App. 3d 332, 336, 595 N.E.2d 1343, 1345-46 (1992), as in the instant case, in response to the defendant's motion to dismiss, the plaintiff sought leave to amend to file a report authored by a different physician in order to correct the same deficiency as alleged here, that the first report was not authored by a health professional with the appropriate license. The *Leask* court held that in light of the purpose of section 2—622, the trial court abused its discretion

in dismissing the plaintiff's complaint with prejudice rather than allowing her leave to amend the complaint. *Leask*, 232 Ill. App. 3d at 342, 595 N.E.2d at 1348. In reaching its determination, the trial court noted that the plaintiff's claim was not frivolous, that the plaintiff acted in good faith and timely moved to file the required report, and that the defendant was not prejudiced by the amendment. *Leask*, 232 Ill. App. 3d at 340-41, 595 N.E.2d at 1347-48. See also *Shanks v. Memorial Hospital*, 170 Ill. App. 3d 736, 742, 525 N.E.2d 177, 181-82 (1988) (trial court has discretion to allow plaintiff to amend affidavit after expiration of 90-day extension period); *Cato*, 210 Ill. App. 3d at 999, 569 N.E.2d at 1113 (when allowing late filings, trial court may consider whether plaintiff showed good cause for failure to timely file section 2—622 documents).

To bar a plaintiff from amending his or her affidavits and corresponding report would elevate the pleading requirements set forth in section 2—622 to a substantive defense contrary to both the spirit and purpose of the statute. Under the facts at bar, the statute's purpose is furthered by allowing Cookson to amend his complaint to include the affidavit and report authored by Modglin. We thus conclude that Cookson should have been granted leave to amend and find that the trial court abused its discretion in denying Cookson's motion to amend. Since the Modglin report cures the defect with the Kornreich report, we find that the trial court also abused its discretion in dismissing Cookson's complaint with prejudice. We therefore reinstate Cookson's complaint as amended with the Modglin report.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed and the cause remanded.

Reversed and remanded.

CARTER, J., concurs.

JUSTICE WRIGHT, specially concurring:

I concur in the majority's decision that the trial court abused its discretion in this case by dismissing plaintiff's complaint with prejudice. I specially concur because the record clearly shows that plaintiff was aware of the statutory deadlines enacted by our lawmakers, attempted to comply with those deadlines by requesting a 90-day extension of time to provide a health care report, and showed good cause for requesting leave to amend in order to correct a defect in the health care report attached to the pleadings.

Here, plaintiff, Donald B. Cookson, filed a complaint alleging medical negligence and attached an affidavit seeking a 90-day extension of time, as authorized by statute, to file the required health care profes-

sional report. Plaintiff's counsel set forth appropriate reasons in the affidavit for not attaching the required health care professional report to the original complaint. Then, within the 90-day deadline, plaintiff filed a health care professional report from Jeffrey Kornreich, M.D., a board-certified physician in physical medicine and rehabilitation. Subsequently, defendants challenged the qualifications of Dr. Kornreich to prepare the health care report and requested a dismissal with prejudice. In response, plaintiffs sought to amend their complaint by attaching another attorney affidavit together with a reviewing health care report from Jim Modglin, a physical therapy assistant.

Demonstrating good cause, plaintiff advised the court that he believed that the original health care professional report satisfied section 2—622. However, due to an amendment to the statute shortly before filing the complaint, the report no longer satisfied the requirements of section 2—622. Once plaintiff's counsel realized that the medical doctor was *not* an appropriately qualified health care professional for purposes of the section 2—622 certification in this case, plaintiff acted swiftly.

Plaintiff promptly obtained a second health care professional report prepared by a physical therapy assistant, filed a motion for leave to amend, and did so prior to the trial court conducting a hearing on defendant's motion to dismiss. In my opinion, the amendment would have cured the defect defendants raised in relation to plaintiff's original health care professional report and should have related back to the date of the original complaint. See 735 ILCS 5/2—616(b) (West 2006). Nonetheless, the court dismissed the matter with prejudice.

I would note that in keeping with the spirit of our supreme court rules, good faith should be rewarded, not discouraged. Supreme Court Rule 183 would allow a party showing good cause, such as the plaintiff in this case, to request an extension of time for filing any pleading which is required by the rules to be done within a limited time period. 134 Ill. 2d R. 183.

As recognized by the majority, the purpose of a reviewing health care report is to insure plaintiffs have a good-faith basis to require a named defendant to be subject to the court process. Defendants have not questioned the good-faith basis for this litigation. However, defendants successfully truncated the litigation by relying on finite deadlines set forth by section 2—622. In my view, this defeats the purpose of the legislation and punishes a plaintiff who has acted with abundant good faith.

I agree with the majority that dismissal with prejudice constituted an abuse of discretion in this case based on the good-faith conduct of plaintiff.

For these reasons, I specially concur.