# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Fox v. Gauto*, 2013 IL App (5th) 110327

---

| | |
|---|---|
| Appellate Court Caption | RICKIE FOX and RUTH FOX, Plaintiff-Appellees, v. SUZANNE GAUTO, Executor of the Estate of Nelson Gauto, Deceased, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-11-0327 |
| Filed | September 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an appeal involving three certified questions arising from a medical malpractice action in which plaintiffs initially filed a complaint and a certificate of merit stating that there was no meritorious basis for the claim, and six months later sought to file an amended complaint and certificate, the appellate court answered the questions by first stating that the "prejudice to the opposing party" standard, rather than the "good cause" standard, should be applied in determining whether the amendments should be allowed, then stating that the question as to whether the trial court had the discretion to find "good cause" for filing a late amended certificate was rendered moot by the finding that the "prejudice to the opposing party" standard applied, and thirdly stating that the trial court had the discretion to find "no prejudice" to defendant from the late amendments. |
| Decision Under Review | Appeal from the Circuit Court of Williamson County, No. 10-L-122; the Hon. Brad K. Bleyer, Judge, presiding. |

| | |
|---|---|
| Judgment | Certified questions answered; cause remanded. |
| Counsel on Appeal | Charles E. Schmidt, of Brandon, Schmidt & Goffinet, of Carbondale, for appellant. |
| | John Womick, of Womick Law Firm, Chtrd., of Herrin, for appellees. |
| Panel | JUSTICE STEWART delivered the judgment of the court, with opinion. Justices Wexstten and Cates concurred in the judgment and opinion. |

## OPINION

¶ 1    This interlocutory appeal, brought pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), arises from a medical malpractice case filed by the plaintiffs, Rickie Fox and Ruth Fox. The questions certified by the circuit court are related to the statutory requirement that a medical malpractice complaint include an affidavit of merit and a doctor's report. Specifically, section 2-622(a)(1) of the Code of Civil Procedure (the Code) requires that in any action alleging medical malpractice, the plaintiffs must file an affidavit attached to the complaint that states that they have or their attorney has consulted with a health professional in whose opinion there is a "reasonable and meritorious cause" for the filing of the action. 735 ILCS 5/2-622(a)(1) (West 2010). In addition, section 2-622(a)(1) requires the plaintiffs to file the written report of the health professional along with the complaint and affidavit of merit.

¶ 2    The circuit court certified three questions of law related to section 2-622 on which it found that there were substantial grounds for a difference of opinion and that the answers to the questions might materially advance the termination of the litigation. The certified questions are as follows:

"A. Where plaintiff files a Complaint with Certificate of Merit stating there is no meritorious basis for filing a medical malpractice claim, and then nearly six (6) months later seeks to file an Amended Complaint and an Amended Certificate of Merit disclosing the basis for the 'erroneous' certificate, should the Court apply the 'good cause' standard for late filing of a certificate pursuant to Section 2-622 of the Code of Civil Procedure, or the 'prejudice to opposing party' standard for amending a Complaint in determining whether to allow the filing of the Amended Complaint and the new Certificate of Merit?

B. Where plaintiff files a Complaint with Certificate of Merit stating there is no meritorious basis for filing a medical malpractice claim, and then nearly six (6) months

later, seeks to file an Amended Complaint and a new Certificate of Merit asserting a meritorious claim, does the Trial Court have discretion to find 'good cause' to permit the late filing of a new Certificate of Merit under the provisions of the Code of Civil Procedure, Section 2-622?

C. Where plaintiff files a Certificate of Merit stating there is *no* meritorious basis for filing a medical malpractice claim, and then nearly six (6) months later seeks to file an Amended Complaint and Amended Certificate of Merit asserting a meritorious claim, does the Court have discretion to find 'no prejudice' to the defendant to permit the filing of an amendment under those circumstances?" (Emphasis in original.)

¶ 3     We granted the defendant's request for an interlocutory appeal for this court to address the circuit court's certified questions of law. We begin our discussion of the certified questions with a brief outline of the procedural history leading up to the circuit court certifying the questions.

¶ 4                                      BACKGROUND

¶ 5     When the plaintiffs filed their medical malpractice complaint, the complaint included the affidavit of their attorney that is required by section 2-622 of the Code. The plaintiffs' attorney stated in his affidavit that a health professional "has determined in a written report, a copy of which is attached, *** that there is a reasonable and meritorious cause for the filing of such action." A doctor's report was attached to the attorney's affidavit that was authored by Dr. M. V. Altug. Contrary to the attorney's affidavit, however, Dr. Altug concluded in his report as follows: "By the review of the pathology reports and the surgical procedure records, I can not see any management problems in this case."

¶ 6     The defendant moved to dismiss the plaintiffs' complaint on the ground that Dr. Altug's report did not satisfy the requirements of section 2-622 of the Code because Dr. Altug did not opine that there is a "reasonable and meritorious cause" for the filing of the action. Instead, he did "not see any management problems in this case." After the defendant moved to dismiss the plaintiffs' complaint, the plaintiffs filed a motion for leave to amend their complaint. Specifically, the plaintiffs sought leave to amend their complaint to attach a new report from a different physician, Dr. Ralph Kelley. In his report, Dr. Kelley opined that, to a reasonable degree of medical certainty, the plaintiffs had a meritorious cause of action. The defendant objected to the motion for leave to amend the complaint with this new report.

¶ 7     The circuit court denied the plaintiffs' request to amend their complaint to attach Dr. Kelley's report and granted the defendant's request to dismiss the plaintiffs' complaint with prejudice. In its docket entry dismissing the complaint, the court wrote that the "defendant in the instant case would clearly be prejudiced if the amended complaint were allowed." The court held that section "2-622 is not so broad as to allow the amendment in this case."

¶ 8     The plaintiffs filed a motion to reconsider the dismissal of their complaint. The plaintiffs' attorney stated in an affidavit attached to the motion to reconsider that he had initially consulted with Dr. Altug concerning the facts of the case and that Dr. Altug indicated that he believed that "there was a violation of the standard of care." Based on this consultation, the plaintiffs' attorney submitted a draft of a report to Dr. Altug. However, when Dr. Altug

reviewed medical records relevant to the plaintiffs' claim of malpractice, either he did not have all of the medical records that were relevant to the plaintiffs' claim or he overlooked some of the relevant medical records. After reviewing only part of the medical records, he concluded that "there had been proper management," and he prepared a report consistent with this conclusion. The plaintiffs' attorney stated in his affidavit that this report was "accidently filed" with the complaint. The plaintiffs' attorney explained that he was out of town for depositions in an unrelated case when Dr. Altug delivered his report to his office. The attorney, believing that the report was consistent with his previous consultation with the doctor, told his assistant to file the report along with the complaint "based on the false assumption that the report was the one which had been sent to Dr. Altug in draft form."

¶ 9        Sometime after the complaint was filed, Dr. Altug conducted another review of all of the medical records that were relevant to the plaintiffs' medical malpractice claim, including the records he did not previously review. He then came to the conclusion that there was a violation of the appropriate standard of care. The plaintiffs' motion to reconsider included the affidavit of Dr. Altug in which he states, "[A]fter having reviewed all the records it is my opinion, to a reasonable degree of medical certainty, that a meritorious cause of action exists against Dr. Gauto pertaining to the care he provided to Mr. Fox."

¶ 10      The plaintiffs asked the court to reconsider the dismissal with prejudice. In their memorandum of law in support of the motion to reconsider, the plaintiffs argued that the court "should reconsider its order and allow the amendment by the filing of one of the two correct reports of a healthcare professional." The circuit court agreed and entered an order granting the motion to reconsider as follows: "The [plaintiffs'] Motion to Reconsider is hereby GRANTED, the Attorney Affidavit and Health Professional Report executed in compliance with 735 ILCS 5/2-622 are hereby filed *instanter*."

¶ 11      The defendant then filed a motion requesting the circuit court, pursuant to Rule 308, to certify the three questions of law quoted above. The circuit court certified the questions, and we granted the defendant's application for this interlocutory appeal to answer the certified questions.

¶ 12                                    DISCUSSION

¶ 13      Because the appeal involves certified questions of law pursuant to Supreme Court Rule 308, our review is *de novo*. *In re M.M.D.*, 213 Ill. 2d 105, 113, 820 N.E.2d 392, 398 (2004).

¶ 14                                          I.

¶ 15                          Section 2-622 of the Code

¶ 16      Section 2-622 of the Code, commonly known as the Healing Arts Malpractice Act, was designed to eliminate frivolous medical malpractice lawsuits at the pleading stage. *Lyon v. Hasbro Industries, Inc.*, 156 Ill. App. 3d 649, 655, 509 N.E.2d 702, 706-07 (1987). It requires that the merits of a plaintiff's medical malpractice case be prescreened by another medical professional in the field. *Walter v. Hill*, 156 Ill. App. 3d 708, 710, 509 N.E.2d 804, 806 (1987).

¶ 17    In order to promote the purpose of section 2-622, the general rule "is that the required consultation with a health professional must occur before the complaint is filed and the required documents certifying the meritoriousness of the action must be filed with the complaint." *Premo v. Falcone*, 197 Ill. App. 3d 625, 631, 554 N.E.2d 1071, 1076 (1990). To achieve this purpose, section 2-622(a)(1) requires the plaintiff to attach to his complaint a report from a health professional stating that the professional has reviewed the plaintiff's medical records and believes that the plaintiff has a reasonable and meritorious cause of action. 735 ILCS 5/2-622(a)(1) (West 2010). In addition, the plaintiff must also file an affidavit that states that he, or his counsel, discussed the case with the health professional and that there is merit to the medical malpractice claim. *Id.*

¶ 18    Section 2-622 provides two exceptions to this general rule. These two exceptions allow a plaintiff to file a complaint without having first obtained a report from a physician. First, under section 2-622(a)(2), the plaintiff may file an affidavit along with the complaint that states that a physician's report could not yet be obtained and that the complaint is being filed anyway because the statute of limitations is about to expire. 735 ILCS 5/2-622(a)(2) (West 2010). Under these circumstances, the plaintiff then has 90 days in which to file the report and the affidavit required by section 2-622(a)(1). *Id.* Second, under section 2-622(a)(3), the plaintiff may file an affidavit that indicates that the medical records necessary to prepare the report have been requested but not yet received. 735 ILCS 5/2-622(a)(3) (West 2010). Under these circumstances, the plaintiff then has 90 days to file the report and the affidavit following receipt of the requested records. These two exceptions to the general rule have been described as "safety valves" that permit the late filing of the affidavit and report required by section 2-622(a)(1). *Whamond v. McGill*, 168 Ill. App. 3d 66, 70, 522 N.E.2d 211, 214 (1988).

¶ 19    Section 2-622(g) states that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619." 735 ILCS 5/2-622(g) (West 2010). Although the statute allows a dismissal with prejudice for failure to file a certificate, a dismissal with prejudice is not required. *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 192, 520 N.E.2d 293, 295 (1987). Instead, a trial court has discretion in determining whether to dismiss an action due to a plaintiff's failure to comply with the requirements of section 2-622 or, alternatively, allow amendments to the pleadings in order to bring them into compliance with the statute. *Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939, 949, 704 N.E.2d 731, 739 (1998); *Premo v. Falcone*, 197 Ill. App. 3d 625, 630, 554 N.E.2d 1071, 1075 (1990) (legislature "intended to allow the trial court to have the discretion to permit plaintiff to amend the complaint to add an affidavit which was inadvertently omitted").

¶ 20    In discussing a trial court's exercise of discretion in determining whether to dismiss or allow the plaintiff to amend, reviewing courts have emphasized that the trial court's exercise of discretion must be viewed in relation to the purpose of the statute, which is to deter frivolous medical malpractice lawsuits at an early stage. *Leask v. Hinrichs*, 232 Ill. App. 3d 332, 339, 595 N.E.2d 1343, 1347 (1992). It is not meant to be a substantive defense to a meritorious claim. *Cookson v. Price*, 393 Ill. App. 3d 549, 554, 914 N.E.2d 229, 233 (2009). Therefore, "a medical malpractice plaintiff should be afforded every reasonable opportunity

to establish his case." *Hansbrough v. Kosyak*, 141 Ill. App. 3d 538, 549, 490 N.E.2d 181, 188 (1986). "[A]mendments to pleadings are to be liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities. The test is the furtherance of the ends of justice." *Moss v. Gibbons*, 180 Ill. App. 3d 632, 638, 536 N.E.2d 125, 129 (1989). "[T]he legislature did not intend that section 2-622 comprise a further limitation on actions to the extent that section 2-622 would cut off all rights to relief. Rather, section 2-622 only puts a requirement of meritoriousness on the pending suit." *Walter*, 156 Ill. App. 3d at 710, 509 N.E.2d at 806.

¶ 21    The legislature enacted section 2-622 as part of a package of medical malpractice reforms in 1985. *Christmas v. Dr. Donald W. Hugar, Ltd.*, 409 Ill. App. 3d 91, 97, 949 N.E.2d 675, 681 (2011). Since the statute was enacted in 1985, Illinois reviewing courts have articulated two different standards for the circuit courts to utilize when exercising their discretion under section 2-622 in determining whether to allow a plaintiff to amend a complaint so that it complies with section 2-622 or whether to dismiss the complaint with prejudice for failure to comply with section 2-622. When a plaintiff requests an extension of the deadlines provided in section 2-622, the courts have allowed the plaintiff additional time if the plaintiff can show "good cause" for his failure to timely comply with the deadlines. However, when a plaintiff requests leave to amend section 2-622 documents that are already filed, the courts have allowed the plaintiff to amend when there is "no prejudice" to the defendant.

¶ 22    The questions certified by the circuit court in this case require us to determine which standard the court should utilize to determine whether to allow the plaintiffs to amend their complaint so that it complies with section 2-622(a)(1) or dismiss the complaint with prejudice.

¶ 23                                                    (a)

¶ 24                                            Good Cause

¶ 25    Courts have applied the "good cause" standard in situations when a plaintiff has not filed the required affidavit and report within 90 days after the complaint was filed and the plaintiff sought to extend the time for filing the report and affidavit for some period of time after the initial 90-day period.

¶ 26    For example, in *Simpson v. Illinois Health Care Services, Inc.*, 225 Ill. App. 3d 685, 588 N.E.2d 471 (1992), the plaintiff's medical malpractice complaint did not include the affidavit and report required by 2-622(a)(1), but alleged in the body of the complaint that the required certificate and report would be filed within 90 days as provided in section 2-622(a)(2). The defendants moved to dismiss the complaint when the plaintiff did not file the affidavit or report within 90 days. The plaintiff responded to the motion to dismiss by requesting an extension of time for filing the affidavit and report, and the request for an extension of time included an affidavit of the plaintiff's attorney which detailed the efforts that had been made to obtain the required physician's report. *Id.* at 687, 588 N.E.2d at 473. The trial court dismissed the plaintiff's complaint with prejudice. *Id.* at 688, 588 N.E.2d at 473.

¶ 27    In reversing the trial court's dismissal with prejudice, the *Simpson* court noted that the trial court had discretion to extend the 90-day period provided in section 2-622(a)(2) and that

"[i]n determining whether late filing should be allowed, the court may consider whether the plaintiff has demonstrated *good cause* for failure to file timely the documents." (Emphasis added.) *Id.* at 689, 588 N.E.2d at 474. The court held that the trial court abused its discretion in dismissing the complaint with prejudice because the plaintiff had demonstrated good cause for her failure to file the report and affidavit within 90 days. *Id.* at 690, 588 N.E.2d at 475. The court stated, "While in retrospect it might have been better had plaintiff filed a motion for extension of time within the original 90-day extension, this is more akin to a procedural technicality, which should not be the basis for dismissing an otherwise allegedly meritorious complaint." *Id.*

¶ 28     Other cases also articulate the "good cause" standard in addressing a trial court's discretion to extend the 90-day deadline contained in section 2-622(a)(2) in order to allow a plaintiff to file the documents required under section 2-622. *Knight v. Van Matre Rehabilitation Center, LLC*, 404 Ill. App. 3d 214, 217, 936 N.E.2d 1152, 1155 (2010) ("[I]f the plaintiff failed to file the affidavit and report within the 90-day statutory period, the trial court could grant the plaintiff another extension of time to file them if the plaintiff could establish good cause for not filing them within 90 days."); *Stoelting v. Betzelos*, 2013 IL App (2d) 120651, ¶ 17, 983 N.E.2d 543 (section 2-622(a)(2) allows a trial court to extend the initial 90-day period, "for good cause shown, to file the attorney affidavit as well as the doctor's report"); *Premo*, 197 Ill. App. 3d at 631, 554 N.E.2d at 1076 ("Allowing trial courts to consider whether good cause exists for noncompliance with the deadlines for filing the required documentation in section 2-622 is consistent with the objectives of that statute because it encourages compliance with the deadlines set forth therein and encourages filing the required documentation as expeditiously as possible in the event compliance is not possible.").

¶ 29     As further justification for using the "good cause" standard in extending section 2-622 deadlines, some courts have cited Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011). *Garland v. Kauten*, 209 Ill. App. 3d 30, 35, 567 N.E.2d 707, 711 (1991). Rule 183 states that the "court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." Ill. S. Ct. R. 183 (eff. Feb. 16, 2011).

¶ 30                                             (b)

¶ 31                                          Prejudice

¶ 32     In contrast to cases where a plaintiff seeks to extend section 2-622(a)(2)'s 90-day deadline, the courts have used a different analysis in cases involving plaintiffs who have timely filed the affidavits and physician reports required by section 2-622, but the plaintiffs subsequently moved to file new or amended affidavits and/or reports because the original section 2-622 documents were deficient. Similar to extending section 2-622's deadlines, in these situations, a trial court has discretion to either grant the plaintiffs leave to amend their pleadings so that they comply with section 2-622 or dismiss the complaint with prejudice. *Cookson v. Price*, 393 Ill. App. 3d 549, 552, 914 N.E.2d 229, 231 (2009) ("A plaintiff may

be granted leave to amend a complaint to correct defects resulting from a failure to comply with section 2-622 or the trial court may dismiss the complaint with or without prejudice."). The trial court's discretion includes granting "leave to file an amended complaint with a *new* affidavit and health professional's report." (Emphasis added.) *Id.* at 552, 553, 914 N.E.2d at 231-32, 232 (nothing in section 2-622 necessitates a difference "between amending an existing report and substituting a report by a new author").

¶ 33    The circuit court's exercise of discretion in a situation where a plaintiff moves to amend or file new section 2-622 documents is not evaluated under the same "good cause" standard that is used for extending section 2-622's 90-day deadlines. Instead, the trial court's discretion to allow the plaintiff to amend or substitute timely filed section 2-622 documents depends on whether the proposed amendments or substitutions would cause "prejudice" to the defense.

¶ 34    For example, in *Leask*, the physician's report attached to the plaintiff's medical malpractice complaint was inadequate because the physician was not an appropriate specialist in the area of medicine that was at issue in the case. The defendant moved to dismiss the complaint with prejudice due to this defect. In response to the motion to dismiss, the plaintiff requested leave to file a new report from another physician that would cure the defect in the original report. In response, the defendant argued that by moving to substitute the original report, the plaintiff conceded that the original report was inadequate and that she violated section 2-622 at the time she filed her complaint. *Leask*, 232 Ill. App. 3d at 337, 595 N.E.2d at 1346. The trial court agreed with the defendant, did not allow the plaintiff to file the new report, and dismissed the case with prejudice. *Id.*

¶ 35    The *Leask* court held that the trial court abused its discretion in dismissing the claim with prejudice and not allowing the plaintiff to file the new report. *Id.* at 339, 595 N.E.2d at 1347. The court emphasized that the purpose of section 2-622 is to ensure that the plaintiff has a meritorious claim and that its technical pleading requirements should not deprive a plaintiff of a trial on the merits. *Id.* The court explained why dismissal of the complaint did not serve the purpose of section 2-622 as follows: "Nothing in the record demonstrates that plaintiff is bringing a frivolous claim, and it appears that plaintiff acted in good faith to secure the required medical opinion to support the claim. Moreover, any *undue prejudice* to [defendant] from allowing plaintiff to amend her complaint is unclear at best." (Emphasis added.) *Id.* In holding that the trial court abused its discretion, the court also noted that within a month of the defendant's challenge to the report, "plaintiff moved to amend the complaint by adding a detailed and apparently satisfactory medical report." *Id.* at 340, 595 N.E.2d at 1348.

¶ 36    In *Apa v. Rotman*, 288 Ill. App. 3d 585, 587, 680 N.E.2d 801, 802 (1997), the plaintiff timely filed an affidavit and report, but the defendant maintained that the affidavit and report did not comply with the statute's substantive requirements. On appeal, the court held that, assuming the affidavit and written report were deficient, the circuit court should have afforded the plaintiff an opportunity to amend his affidavit and written report before dismissing the case with prejudice. *Id.* at 589, 680 N.E.2d at 804. The court noted that "[n]othing in the record indicates that plaintiff is bringing a frivolous claim, and plaintiff did file the section 2-622 affidavit and written report in a timely fashion." *Id.* at 590, 680 N.E.2d at 805. In addition, the court stated, "other than additional delay, we fail to see any *undue*

*prejudice* to defendants from at least allowing plaintiff the opportunity to attempt to amend his affidavit and report if and to the extent they are deficient." (Emphasis added.) *Id.*

¶ 37    Likewise, in *Cookson*, the court held that the plaintiff should be allowed to file an amended attorney affidavit and a new health professional's report where there was nothing in the record to show that the defendant would be prejudiced. *Cookson*, 393 Ill. App. 3d at 553, 914 N.E.2d at 232. The court stated, "To bar a plaintiff from amending his or her affidavits and corresponding report would elevate the pleading requirements set forth in section 2-622 to a substantive defense contrary to both the spirit and purpose of the statute." *Id.* at 554, 914 N.E.2d at 233.

¶ 38                                      II.

¶ 39                          Certified Question A:

¶ 40      Which Standard Applies: Good Cause or Prejudice to Opposing Party

¶ 41    The first question certified by the circuit court is as follows:

"Where plaintiff files a Complaint with Certificate of Merit stating there is no meritorious basis for filing a medical malpractice claim, and then nearly six (6) months later seeks to file an Amended Complaint and an Amended Certificate of Merit disclosing the basis for the 'erroneous' certificate, should the Court apply the 'good cause' standard for late filing of a certificate pursuant to Section 2-622 of the Code of Civil Procedure, or the 'prejudice to opposing party' standard for amending a Complaint in determining whether to allow the filing of the Amended Complaint and the new Certificate of Merit?"

¶ 42    In order to fully discuss this certified question, we must consider the question in the context of the procedural history and surrounding facts in which the question arose. See *Unifund CCR Partners v. Shah*, 407 Ill. App. 3d 737, 738, 946 N.E.2d 885, 887 (2011) ("The issues presented by the certified questions arose in the context of a motion to dismiss under section 2-619 of the Code ***, so for the purpose [of] our discussion of the certified questions we will rely on facts alleged in the complaint and its attached affidavits.").

¶ 43    As discussed in the background section above, when the plaintiffs in the present case filed their medical malpractice complaint, they timely filed an affidavit and a doctor's report in an attempt to comply with the requirements of section 2-622(a)(1) of the Code. The report, however, was ineffective because the doctor authoring the section 2-622 report, Dr. Altug, either did not have all of the documents relevant to the plaintiffs' claim or did not review all of the relevant documents. Therefore, he concluded in his initial report that he did "not see any management problems in this case."

¶ 44    The defendant moved to dismiss the plaintiffs' complaint with prejudice pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)) on the basis that the physician's report was inadequate under the requirements of section 2-622(a)(1) of the Code. In response, the plaintiffs moved for leave to amend the complaint to attach a new physician's report from a different doctor, Dr. Kelley. At the time the plaintiffs requested leave to amend the complaint with Dr. Kelley's report, only 55 days had passed since they filed their original

complaint and their original section 2-622 documents. Therefore, they were still inside the 90-day "safety valve" provisions expressly provided within the language of section 2-622.

¶ 45    The defendant objected to the motion for leave to amend the complaint, arguing that there was no basis in section 2-622 that would allow the plaintiffs to file a new physician's report. For the reasons noted above, this argument lacked merit. The defendant did not claim that the new report was inadequate or otherwise failed to meet the requirements of section 2-622, did not maintain that the plaintiffs' claim lacked arguable merit, and did not allege that she would suffer prejudice as a result of the proposed amendment.

¶ 46    Nonetheless, the circuit court granted the defendant's motion to dismiss the complaint with prejudice, stating that the "defendant in the instant case would clearly be prejudiced if the amended complaint were allowed" and that section "2-622 is not so broad as to allow the amendment in this case." The plaintiffs then filed a motion to reconsider in which they explained why Dr. Altug's report was mistakenly filed with the complaint and why the report did not accurately reflect Dr. Altug's actual opinion concerning the meritoriousness of the plaintiffs' claim. The motion to reconsider included an affidavit from Dr. Altug in which he opined that the plaintiffs had a meritorious claim against the defendant. In their brief in support of their motion to reconsider, the plaintiffs argued that the court should allow "the filing of one of the two correct reports of a healthcare professional." The substance of the plaintiffs' motion to reconsider was not a request for the court to extend any missed deadlines; it was a request for leave to amend pleadings that were already filed.

¶ 47    The defendant objected to the plaintiffs' motion to reconsider, arguing, in part, that "[a] five month delay in presenting an appropriate affidavit and certificate of merit is far outside the 90 days permitted." In an order entered on March 15, 2011, the circuit court granted the plaintiffs' motion to reconsider. The court's order stated that "the Attorney Affidavit and Health Professional Report executed in compliance with 735 ILCS 5/2-622 are hereby filed *instanter*."[1]

¶ 48    In answering certified question A in light of the facts and procedural history of the case leading up to the certified question, we hold that the "prejudice to opposing party" standard for amending a complaint applies, not the "good cause" standard.

¶ 49    The facts of this case do not present a scenario in which the plaintiffs sought an extension of deadlines in order to comply with section 2-622(a)(1). Instead, they initially attempted to timely comply with section 2-622(a)(1) when they filed their complaint, but their initial doctor's report was ineffective. The plaintiffs subsequently attempted to amend their timely filed documents so that they complied with the requirements of section 2-622(a)(1). The facts and procedural history of this case, therefore, are comparable to *Leask*, *Apa*, and *Cookson*, rather than *Simpson*, *Knight*, *Stoelting*, or *Premo*.

¶ 50    In exercising discretion to determine whether to allow an amendment to section 2-622

---

[1]We cannot determine from the circuit court's order whether Dr. Altug's amended report or Dr. Kelley's report was filed *instanter*. We conclude that this uncertainty in the record is irrelevant to answering the certified questions because we hold that the standard is the same regardless of which report the circuit court allowed to be filed *instanter*.

documents or dismiss with prejudice, a circuit court should consider whether the plaintiffs' request to amend the documents would cause the defendant any prejudice. Absent undue prejudice to the defendant, the circuit court should afford the plaintiffs an opportunity to amend their affidavit and written report before dismissing their case with prejudice. *Apa*, 288 Ill. App. 3d at 589, 680 N.E.2d at 804. "To refuse to permit new pleadings essential to the presentation of a party's [case], when a strong showing has been made as to their truth, defeats justice in the absence of a showing of prejudice to the opposing party." *Banks v. United Insurance Co. of America*, 28 Ill. App. 3d 60, 64, 328 N.E.2d 167, 171 (1975).

¶ 51    We believe that applying the prejudice standard in evaluating a plaintiff's request to amend timely filed section 2-622 documents prevents the technical pleading requirements imposed by section 2-622 to be utilized to deprive a plaintiff of a trial on the merits of a medical malpractice claim. *Leask*, 232 Ill. App. 3d at 339, 595 N.E.2d at 1347. The intent of the legislature with respect to section 2-622 would not be furthered by denying a meritorious claim under such circumstances absent a showing of undue prejudice to the defendant.

¶ 52    Accordingly, our answer to certified question A is the "prejudice to opposing party" standard.

¶ 53                                         III.

¶ 54                            Certified Question B:

¶ 55            The Circuit Court's Discretion to Find "Good Cause"

¶ 56    The second question certified by the circuit court is as follows:

"Where plaintiff files a Complaint with Certificate of Merit stating there is no meritorious basis for filing a medical malpractice claim, and then nearly six (6) months later, seeks to file an Amended Complaint and a new Certificate of Merit asserting a meritorious claim, does the Trial Court have discretion to find 'good cause' to permit the late filing of a new Certificate of Merit under the provisions of the Code of Civil Procedure, Section 2-622?"

¶ 57    As noted above, we answer the first certified question by holding that the "prejudice to opposing party" standard applies when the trial court exercises its discretion to allow amendments to section 2-622 documents in order to bring them in compliance with section 2-622(a)(1). Certified question B is incorrectly premised on the conclusion that the "good cause" standard applies to the exercise of the trial court's discretion. Certified question B, therefore, is moot in light of our answer to certified question A.

¶ 58                                         IV.

¶ 59                            Certified Question C:

¶ 60            The Circuit Court's Discretion to Find "No Prejudice"

¶ 61    The final question certified by the circuit court is as follows:

"Where plaintiff files a Certificate of Merit stating there is *no* meritorious basis for filing

-11-

a medical malpractice claim, and then nearly six (6) months later seeks to file an Amended Complaint and Amended Certificate of Merit asserting a meritorious claim, does the Court have discretion to find 'no prejudice' to the defendant to permit the filing of an amendment under those circumstances?" (Emphasis in original.)

We answer this question in the affirmative.

¶ 62    None of the facts encompassed within certified question C establish any basis for a finding of prejudice to the defense. Therefore, the circuit court has "discretion to find 'no prejudice' " under the fact scenario presented by the question. In addition, neither the facts nor the procedural history in which the certified question arose indicates any prejudice to the defendant in this case. In fact, during oral arguments in this appeal, counsel for the defendant correctly acknowledged that the defendant was not claiming that she would suffer undue prejudice as a result of an amendment to the plaintiffs' section 2-622 documents.

¶ 63    Inconvenience or delay alone is insufficient to establish any prejudice that could justify denying a medical malpractice plaintiff leave to amend. *Apa*, 288 Ill. App. 3d at 591, 680 N.E.2d at 805. The denial of leave to file an amended complaint solely because of delay and without a showing of prejudice other than mere inconvenience to the defendant could be an abuse of discretion. *Merrill v. Drazek*, 58 Ill. App. 3d 455, 458, 374 N.E.2d 792, 794 (1978). Instead of mere inconvenience, the delay must operate to hinder the defendant's ability to present his case on the merits. *Banks v. United Insurance Co. of America*, 28 Ill. App. 3d 60, 64, 328 N.E.2d 167, 171 (1975).

¶ 64    The plaintiffs offered two alternative amendments to their complaint, a new report from Dr. Kelley and an amended report from Dr. Altug. Both reports complied with section 2-622(a)(1), both established that the plaintiffs had a meritorious claim and thus both reports fulfilled the purpose of section 2-622, and neither proposed report hindered the defendant's ability to present her case on the merits. Accordingly, the circuit court had discretion to find "no prejudice" and allow the plaintiffs leave to amend the complaint to include either doctor's report so that the plaintiffs' claim could be heard on its merits.

¶ 65    Accordingly, we answer certified question C in the affirmative.

¶ 66                                  CONCLUSION

¶ 67    The certified questions of the circuit court of Williamson County are hereby answered. We remand this matter to the circuit court for further proceedings.

¶ 68    Certified questions answered; cause remanded.